Howard Berler, j.
The defendant was charged with driving while intoxicated pursuant to subdivision 3 of section 1192 of *869 the Vehicle and Traffic Law of the State of New York. After the jury was chosen the defendant requested a separate hearing out of the ears of the jury for the purpose of determining whether a refusal to take a chemical analysis test by the defendant be admitted into evidence in the event it was the People’s intentions to offer such refusal. After the People admitted it was their intention to introduce the refusal and some contemplation by the court the application for a separate hearing was granted.
During the hearing evidence was received with regard to the Miranda rights (384 U. S. 436) and the foundation required by subdivision 2 of section 1194 of the Vehicle and Traffic Law before the refusal be admitted.
The refusal was in fact established by the People through the testimony of a police officer that the defendant while in custody and while being interrogated stated to him: ‘ ‘ I refuse to take the test”. This court did find that the People’s evidence did further indicate that the foundation required by subdivision 2 of section 1194 of the Vehicle and Traffic Law for the introduction of the refusal was properly made. (The foundation I referred to here is the requirement provided in subdivision 2 of section 1194 that the admissibility of the refusal is conditioned upon a showing that the person persisted in his refusal after he has been given sufficient warning, in clear and unequivocal language, that his refusal would result in the revocation of his license, and would be admissible against him at trial.) However, this court further found as an issue of fact that the rights provided by the Constitution as defined by Miranda {supra), were not intelligently, knowingly and voluntarily waived by the defendant. Accordingly, this court ordered that the People be precluded from offering testimony of the refusal into evidence.
The People objected and took exception to the court’s ruling citing Schmerber v. California (384 U. S. 757) and arguing that a distinction be made between the refusal in fact and the words giving rise to the refusal. They submit the refusal offered into evidence is conduct to be divorced from the words (“ I refuse to take the test ”) and accordingly the Fifth Amendment which applies only to testimonial compulsion is not involved, thereby precluding the application of Miranda.
In that subdivision 2 of section 1194 of the Vehicle and Traffic Law is a comparatively new section and the issues involved in the court’s ruling seem to be those of first impression, this court decided to file a written decision explaining its reasons for same and discussing the implications it may give rise to.
*870 The first issues to be determined are as follows: (1). Is the defendant’s refusal to take the chemical analysis test an admission? (2). If the refusal is an admission is it the type of admission contemplated by Miranda?
People v. Stratton (1 N Y 2d 664, affg. 286 App. Div. 323, 326) characterizes a similar refusal as evidence introduced to create an unfavorable inference against the defendant which characterization this court subscribes to. Richardson, Evidence (10th ed. [1973], § 209) defines an admission as: “an act or declaration of a party, or of his representative or predecessor in interest, which constitutes evidence against a party at trial. As a general rule, any declaration or conduct of a party which is inconsistent with his position on trial may be given in evidence against him as an admission.”
Therefore the conclusion is inescapable that the evidence giving rise to the inference and the inference itself must be deemed an admission.
Now we come to the more difficult question; does such an admission come within the purview of Miranda requiring the defendant be advised of certain of his constitutional rights and also providing he may waive those rights if such waiver is made voluntarily, knowingly and intelligently before custodial questioning of the defendant may be commenced. In the case at bar, to establish the refusal the police officer testified: “ I advised the defendant as follows: ‘ You are requested to submit to a chemical test to be administered at the direction of the police officer for the purpose of determining the alcohol or drug content of your blood in order to ascertain whether or not you are intoxicated. The results of such test may be used for or against you in court. You may refuse a test to be taken but if you do refuse, your license may be revoked, whether or not you are found guilty of the charge for which you are arrested. You are permitted to have a physician of your own choosing administer a chemical test in addition to the one administered at the direction of the police officer. You are hereby advised that evidence of your refusal to submit to the above chemical test is admissible in evidence and will be used against you in any trial, proceeding or hearing based upon your violation of the provisions of sections 1194 and 1192 of the Vehicle & Traffic Law. ’ ’ The police officer then asked; “Do you want to take the test?” The defendant replied: “ I refuse to take the test. ’ ’
Miranda (384 U. S. 436, 444, supra) states: “ Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this : the prosecution may not use state *871 ments, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use jof procedural safeguards effective to secure the privilege against self-incrimination.” (Emphasis added.)
The refusal as previously stated is characterized as an “ inference ” that may be drawn against the defendant. It may also be defined as a conclusion. To illustrate, if the police officer stated “ the defendant refused to take the test ” an objection by the defendant would be sustained on the grounds the statement was tantamount to a conclusion. Therefore the inference or conclusion cannot be considered by the trier of the fact without the introduction into evidence of the police officer’s admonition and question and defendant’s reply: “ I refuse to take the test.”
Accordingly the court finds the defendant’s oral statement (“I refuse to take the test”) cannot be separated from: (1) the conclusion that the defendant refused to take the test; (2) the inference that such refusal may be considered as evidence against him; or (3) the argument of the People that the refusal only refers to conduct and such was not contemplated by Miranda pursuant to the holding in Schmerber v. California (348 U. S. 757, supra).
As a result of the foregoing this court concludes the defendant’s statement: “ I refuse to take the test ” may only be deemed inculpatory in nature arising from custodial interrogation as contemplated by Miranda.
Another issue presented by the instant case is: whether the defendant is entitled to a separate hearing as a matter of right to be conducted without the jury on the issue of his refusal to take a chemical analysis test? There can be no question that a trial court Judge may grant such hearing within his judicial discretion.
To determine whether such hearing be one of a matter of right we may again refer to People v. Stratton (286 App. Div. 323, 326-327, affd. 1 N Y 2d 664) which states: “ The courts of this State have long and consistently held that under our self incrimination laws the receipt of evidence in a criminal trial of a defendant’s complete silence or refusal to answer is reversible error. (People v. Hyman, 284 App. Div. 347 [and cases therein cited], affd. 308 N. Y. 794.) This has been on the theory that the fact that a defendant did what he had an absolute right to do cannot be used to create any unfavorable inference against him. Here not only his refusal to submit to the test was received in evidence and emphasized, but there was added the fact that he even refused to have his own doctor give the test. Again here *872 the District Attorney concedes that the evidence would be incompetent as general evidence from which any inference could be drawn, but urges that it is competent for a 1 limited purpose ’ and then the inference can be removed from the minds of the jury by instructions from the court. There are two difficulties with that. First, the law does not say the inference may be presented to the jury and then removed — it says it may not be presented. Second, as the Court of Appeals has said at least twice, ‘ the admonition to disregard evidence which had been stricken out was easy to give and hard to follow.’ (People v. Marshall, 306 N. Y. 223, 228.) If the instructions not to draw any inferences were not followed and the jury’s verdict was influenced in the slightest degree by this evidence, then the defendant has not had a fair trial.” (Emphasis added.)
This court finds that it would be practically impossible for the People to begin to lay the foundation required by subdivision 2 of section 1194 of the Vehicle and Traffic Law without the jury suspecting the defendant had refused to take the test even though the foundation is subsequently found insufficient and the refusal precluded.
Accordingly this court finds that the defendant is entitled to a separate hearing as a matter of right without a jury prior to trial.
It is the further opinion of this court that sufficient notice be given to the People requesting a separate hearing prior to trial and in the absence of such notice the right to a hearing may be deemed waived.
In conclusion, the observation is further made, that in view of the application of Miranda pursuant to this court’s holding that such a hearing may be conducted simultaneously with a Huntley hearing, in the interests of expediency.