THE PEOPLE OF THE STATE OF NEW YORK, Respondent v BOBBIE BOONE, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 9, 1977, convicting him of operating a motor vehicle while in an intoxicated condition, as a felony, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of defendant's motion to suppress his alleged refusal to submit to a chemical test. Judgment reversed, on the law, motion granted, and new trial ordered. Shortly after his involvement in a motor vehicle accident on the evening of October 30, 1975 defendant was arrested and brought to White Plains Police Headquarters. His appearance was recorded by means of a videotape system. Defendant was advised of his rights and stated that he wished to reserve his right to remain silent. The police then asked defendant if he would submit to a chemical test for the purpose of determining the alcoholic content of his blood (see Vehicle and Traffic Law, § 1194, subd 1). Defendant said nothing. The police informed defendant that his refusal to submit to such chemical test could result in the revocation of his license regardless of the outcome of any subsequent criminal trial. Defendant remained silent. The police then asked defendant to say "yes" or "no", and told him that his silence would be construed as a refusal to take the test. Defendant still said nothing. The test was not

administered. Defendant was thereafter indicted for operating a motor vehicle while in an intoxicated condition, as a felony. On several occasions prior to the trial he moved unsuccessfully to suppress his "refusal" to take the chemical test. In our view, the denial of these motions was erroneous. At the time of defendant's arrest and appearance at White Plains Police Headquarters, subdivision 4 of section 1194 of the Vehicle and Traffic Law provided, in pertinent part: "Evidence of a refusal to submit to such chemical test shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this chapter *but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal* and that the person persisted in his refusal" (emphasis supplied). In the instant case, the police failed to warn defendant that his refusal to submit to a chemical test could be introduced into evidence at a subsequent trial. In view of this fact the People should have been precluded from introducing any evidence of defendant's alleged refusal. Accordingly, the trial court erred in permitting the jury to hear so much of the audio portion of the videotape of defendant's appearance at police headquarters as included the police questioning regarding defendant's willingness to take the chemical test. The effect of that error was magnified by the fact that the court charged the jury that defendant's refusal to take the test was one element to be considered in determining whether the People had met their burden of proof. A review of the evidence, including the videotape, shows that the error may not be considered harmless. The proof of defendant's guilt, without reference to the tainted evidence, was not overwhelming (see *People v Crimmins,* 36 NY2d 230, 241). Accordingly, a new trial is mandated. Lazer, J. P., Gulotta, Cohalan and Margett, JJ., concur.