OPINION OF THE COURT
William J. Burke, J.
This decision is being written to resolve a certain issue reserved upon at the oral argument of the defendant’s omnibus motion.
The defendant has requested that a hearing be held in order to determine the admissibility of the defendant’s alleged refusal to submit to a breath test upon the basis that the defendant’s rights under section 1194 of the Vehicle and Traffic Law and his rights pursuant to the mandates of Miranda v Arizona (384 US 436) had been violated.
Subdivision 4 of section 1194 of the Vehicle and Traffic Law provides that: “Evidence of a refusal to submit to such chemical test shall be admissible in any trial, pro *484 ceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this chapter but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.” (Emphasis added).
Thus, subdivision 4 of section 1194 clearly conditions the admissibility of an alleged refusal upon a showing that the request to take such test be accompanied by a sufficient warning of the consequences of such refusal. The language of this statute does not specifically address itself to the manner in which a court is to determine the sufficiency of the warning, however, it is manifest that such a determination, if made before the jury in the trial of the underlying charge, would prevent any protection afforded by such statute to a defendant in the event the warnings given were determined to be insufficient.
Any curative instruction made to a jury, once having heard testimony regarding the refusal to take such test, would most certainly be more in the nature of form rather than substance and any admonishments to disregard such testimony would at best be impractical.
Therefore, the court believes that a separate hearing should be held outside the presence of the jury, in a pretrial hearing. However, such a hearing should be restricted to a determination of the sufficiency of the warnings as those warnings are specifically set out in subdivision 2 of section 1194 of the Vehicle and Traffic Law wherein it is required that a person: “ [be] given sufficient warning, in clear and unequivocal language, prior to such refusal that such refusal to submit to such chemical test may result in the revocation of his license or operating privilege whether or not he is found guilty of the charge for which he was arrested”.
Relative to the defendant’s contentions that such refusal is inadmissible in that his constitutional rights had been violated and upon the basis that the Miranda warnings were not given, the court finds those contentions in the context of the admissibility of a refusal to be without merit. The Court of Appeals in People v Thomas (46 NY2d 100) *485 clearly held in discussing Schmerber v California (384 US 757) that a motorist had no constitutional protection from a compelled blood test, since such a procedure does not involve such testimonial or communicative acts as would be protected by the Fifth Amendment. The court went on to state, therefore, in Thomas (p 106, supra), that “[i]t follows * * * that, inasmuch as a defendant can constitutionally be compelled to take such a test, he has no constitutional right not to take one.” The court concluded in Thomas (supra), that the defendant had a choice and was under no compulsion to refuse to take the test, and if his refusal was not compelled, it was not in violation of his Fifth Amendment right.
Therefore, in conclusion, a hearing will be held to determine if this defendant was given sufficient warning, in clear and unequivocal language, of the effect of such refusal as provided by subdivisions 2 and 4 of section 1194 of the Vehicle and Traffic Law.