OPINION OF THE COURT
Kristin B. Glen, J.
This is a motion to suppress evidence of defendant’s refusal to take a breathalyzer test in a prosecution for section 1192 of the Vehicle and Traffic Law, driving while intoxicated. Determination of the motion depends on resolution of a question of apparent first impression, the effect of the 1980 amendment (L 1980, ch 807, eff Jan. 1,1981) to subdivision 2 of section 1194 of the Vehicle and Traffic Law, and calls into question the standard printed warnings now presently employed by the New York City Police Department and other law enforcement agencies.
Briefly stated, the facts found after a hearing on the motion are as follows:
On February 21, 1981, at 10:30 a.m., New York City Police Department Officers Frank Madonna and Bruce Vianni were on patrol in the vicinity of the J.F.K. International Airport. While they were driving in a northbound direction, they observed a vehicle going north make a turnaround to head in a southerly direction. The officers’ *1043 vehicle was approximately 50 to 70 feet away at the time of observation. Officer Madonna testified that he saw the vehicle go through a stop sign without stopping. The officers followed the car which was driven in an erratic manner to the American Airlines terminal. After observing defendant’s slurred speech, bloodshot eyes and disheveled clothing, he was arrested, given his Miranda warnings, and brought to the police building.
Officer Vianni advised the defendant of the following rights, which were read to him from a card containing printed Miranda warnings on one side, and the so-called breathalyzer warnings on the other. The card which was introduced into evidence reads as follows:
“(1) You are under arrest for driving while intoxicated
“(2) A refusal to submit to a clinical test may result in the revocation of your license or operating privileges, whether or not you are convicted of the charges for which you were arrested.
“(3) If you refuse to submit to a clinical test, your refusal can be introduced into evidence against you at any trial, proceeding or hearing resulting from this arrest.
“(4) Will you submit to a clinical test for your breath for alcohol? (Will you submit to a clinical analysis of your urine/blood for drugs?)” (Emphasis added.)
The defendant indicated that he understood the warnings and stated that he did not wish to take the breathalyzer test. The defendant was taken outside where he spoke to other officers. The substance of that conversation has not been disclosed, but at its conclusion defendant was brought back into the room and agreed to take the test. He first inhaled into the machine; he then blew through his nose and the side of his mouth; he then breathed through his nose, causing the discharge of mucus. Officer Vianni instructed the defendant in the proper use of the machine. The defendant then again refused to take the test.
Subdivision 4 of section 1194 of the Vehicle and Traffic Law provides: “Evidence of a refusal to submit to [a] chemical test shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this chapter but only *1044 upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.” (Emphasis added.)
Prior to January 1, 1981, refusal to take the test might result in revocation, but “the mere recitation of the warning together with a subsequent refusal to submit [did] not automatically require revocation”. (Kowanes v State of New York Dept. of Motor Vehicles, 54 AD2d 611, 612.)
However, in 1980 the Legislature amended the statute, subdivision 2 of section 1194, to provide for immediate mandatory suspension and future revocation upon refusal to take the test and after proper warnings had been given (L 1980, ch 807).[1]
The warnings contained on the police department’s printed card track the language of the statute in effect prior to 1981,[2] but they do not “clearly and unequivocally” warn defendant of the much more immediate and serious penalties for refusal to take the test imposed by the Legislature in 1980. The difference between possible future revocation and immediate suspension may well make a difference in an individual’s decision whether or not to take a breathalyzer test. Since evidence of refusal is clearly employed at trial to show a consciousness of guilt, strict compliance with the statutory requirements is imperative.
The conditions which, by statute, permit introduction of evidence of refusal — clear and unequivocal warning of the actual, immediate, and serious consequences of such re *1045 fusal, as set forth in subdivision 2 of section 1194 — were not met here. Accordingly, all evidence of defendant’s refusal to take the breathalyzer test is inadmissible and must be suppressed.

. The statute in effect at the time of the arrest, with emphasis on the amended portions, read as follows: “2 If such person having been placed under arrest or after a breath test indicates the presence of alcohol in his system and having thereafter been requested to submit to such chemical test and having been informed that his license or permit to drive and any non-resident operating privilege shall be immediately suspended and subsequently revoked for refusal to submit to such chemical test, refuses to submit to such chemical test, the test shall not be given”. The statute has since been changed. (L 1981, ch 347, eff June 29, 1981.) The present law provides that one’s license “shall be immediately suspended and subsequently revoked for refusal to submit to such chemical test, whether or not he is found guilty of the charge for which he is arrested.” (Vehicle and Traffic Law, § 1194, subd 2; emphasis supplied.) The warning given this defendant contained this latter admonition and all future warnings must incorporate this provision as well.

. For this reason, Kowanes v State of New York Dept. of Motor Vehicles (supra), relied upon by the People, does not control. The warnings upheld there — and given here — were specifically dependent upon the language of the relevant portions of subdivision 2 of section 1194 then in effect.