■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES BOUDREAU, Respondent.—Appeal by the People from an order of the Supreme Court, Richmond County (Felig, J.), dated November 7, 1984, which granted those branches of defendant's omnibus motion which sought suppression of (1) defendant's statement of refusal to submit to a breathalyzer test and (2) evidence of defendant's physical coordination test.

Order reversed, on the law and the facts, the aforementioned branches of the defendants omnibus motion denied, and matter remitted to the Supreme Court, Richmond County, for further proceedings.

On June 12, 1984, at about 1:00 A.M., New York City Police Officers Raymond Spinella and Daniel Spellacy responded to an assault complaint lodged against defendant by his sister. As the officers were obtaining information from the complainant, they observed an automobile, identified by complainant as her brother's car, proceed down the block. The operator of the vehicle stopped at the intersection, looked at the officers and then drove away. The officers pursued the vehicle and observed it "swaying over the divider in the middle of the street". After about three blocks, the vehicle was stopped. At the suppression hearing, Officer Spinella testified that the operator of the vehicle, whom he identified as the defendant, had blood on his face and all over his shirt. The officer detected a strong odor of beer in the car and observed several cans of beer, both opened and unopened, on the back seat. On exiting the vehicle in response to the officers' request, the defendant was placed under arrest. Officer Spinella further observed the defendant sway as he walked and noted the smell of alcohol on his breath. The officers transported the defendant to the 120th Precinct where Police Officer Michael

Zarrilli, assigned to the Intoxicated Driver and Training Unit, sought to administer a breathalyzer test to assess defendant's sobriety. Officer Zarrilli advised defendant of the following rights:

"You may take this test or refuse to do so. A refusal to submit to a chemical test will result in the immediate suspension and subsequent revocation of your license or operating privilege, whether or not you are found guilty of the charge for which you were arrested * * *

"Your refusal to submit to a chemical test can be introduced in evidence against you at any trial, proceeding or hearing resulting from this arrest. If you take this test, the results may be used against you in a court of law".

Defendant refused to take the breathalyzer test and further refused to submit to a blood test. However, defendant consented to perform coordination tests. Both defendant's refusal to submit to chemical tests and his performance of the physical coordination tests were recorded on videotape.

Following the suppression hearing, Criminal Term granted defendant's motion to suppress both the videotaped refusal to submit to chemical tests and his performance of the coordination tests. The court ruled defendant's statement of refusal to submit to chemical tests inadmissible on the grounds that (1) having arrested defendant for the substantive crime of assault, the police questioning should have been preceded by a full recitation of the *Miranda* warnings, and, (2) the warnings which defendant received were insufficient to satisfy the conditions for admissibility set forth in Vehicle and Traffic Law § 1194. The latter branch of the motion to suppress was granted on the ground that performance of physical coordination tests constituted testimonial or communicative evidence rather than real or physical evidence and, therefore, defendant should have been advised of his *Miranda* rights.

Admission into evidence of the refusal to submit to a chemical test of sobriety does not violate the Federal and State privileges against self-incrimination as long as the defendant is not compelled to refuse and is adequately warned of the consequences of his refusal *(see, South Dakota v Neville,* 459 US 553; *People v Thomas,* 46 NY2d 100, 106-107, *appeal dismissed* 444 US 891; *People v Powell,* 95 AD2d 783). In the instant case, defendant was "clearly and unequivocally" warned *(see,* Vehicle and Traffic Law § 1194 [4]) that his refusal to take the breathalyzer test would result in the immediate suspension and future revocation of his driver's

license and could be used against him at a subsequent trial or hearing. These warnings complied with the conditions set forth in Vehicle and Traffic Law § 1194 permitting introduction of evidence of refusal *(cf. People v Boone,* 71 AD2d 859; *People v Philbert,* 110 Misc 2d 1042). Moreover, we find that the nature of the charge for which defendant was arrested in the instant case is immaterial to the issue of the admissibility of the subject refusal.

Reversal is also required with respect to the suppression of the videotape of the defendant's performance of physical coordination tests. The question of whether the *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) are applicable to such performance tests has been addressed by a number of trial courts, but has yet to be the subject of an appellate decision in this State. Although this question has given rise to conflicting opinions at the trial level, such decisions have generally held that performance tests do not involve testimonial or communicative evidence and, therefore, the 5th and 14th Amendments are not violated by their use *(see, People v Rosenthal,* 87 Misc 2d 186; *People v Gielarowski,* 58 Misc 2d 832; *People v Suchocki,* 57 Misc 2d 26; *cf. People v McLaren,* 55 Misc 2d 676). The majority of appellate courts outside the State of New York have also determined that *Miranda* is inapplicable to sobriety tests *(see, e.g., State v Theriault,* 144 Ariz 166, 696 P2d 718; *Commonwealth v Brennan,* 386 Mass 772, 438 NE2d 60; *People v Ramirez,* 199 Col 367, 609 P2d 616). While a "nod or head-shake" can be testimonial as much as spoken words *(Schmerber v California,* 384 US 757, 761, n 5), such physical gestures are testimonial only if they reveal the subjective knowledge or thought processes of the individual *(see, State v Theriault,* 144 Ariz 166, 696 P2d 718, 719, *supra; Commonwealth v Brennan,* 386 Mass 772, 438 NE2d 60, *supra).* The physical coordination tests do not involve the revealing of either subjective knowledge or thought processes. The significance of such tests lies in the acts themselves. Unstable responses indicate intoxication not because of anything the defendant is thinking but because those responses are inherently different from the responses of a sober person. Accordingly, we conclude that the physical coordination tests in issue merely compel the exhibition of physical characteristics and do not trigger the protections afforded by US Constitution 5th and 14th Amendments and NY Constitution, article I, § 6. The results of the tests as depicted on the videotape are, therefore, admissible. Mangano, J. P. Gibbons, Thompson and Kunzeman, JJ., concur.