■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS W. HAGER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 10, 1985, convicting him of leaving the scene of an incident without reporting, as a felony, and imposing sentence.

Judgment affirmed, and case remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On May 9, 1983, at approximately 12:40 A.M., Catherine Kuehhas was struck by a car driven by the defendant. She allegedly sustained serious physical injuries as a result of the impact. According to eyewitnesses, the defendant, who had stopped at the scene of the accident, returned to his car and drove away just as the police arrived, without revealing his identity or exhibiting his license and insurance identification card. A short time later, the defendant's car was stopped by an officer who pursued him when he left the scene of the accident. The officer, who had an opportunity to observe the defendant, detected an odor of alcohol on his breath. The defendant was transported to Central Testing Headquarters where he agreed to undergo several performance tests, including a balancing test, walking a straight line, and holding his arms extended and then touching the tip of his nose with his index fingers. The defendant was not given *Miranda* warnings prior to his consent to perform these tests.

The issues raised for our review on this appeal include whether any evidence regarding the defendant's performance on those tests should have been suppressed on the ground that the performance tests were actually testimonial or communicative in nature, and thus violative of the constitutional privilege against self-incrimination in the absence of a waiver of *Miranda* rights. We conclude that it was not necessary for *Miranda* warnings to have been given to the defendant prior to administration of the performance tests.

Our determination at bar fits squarely within the recent decision of this court in the case of *People v Boudreau* (115 AD2d 652). In *Boudreau,* we reversed an order of Criminal

Term suppressing the videotaped results of the defendant's performance of physical coordination tests and held that the *Miranda* warnings *(Miranda v Arizona,* 384 US 436) were not applicable to sobriety tests. The reasoning underlying the *Boudreau* decision is that performance tests do not involve testimonial or communicative evidence, and, therefore the privilege against self-incrimination accorded by Federal and State constitutional provisions (US Const 5th, 14th Amends; NY Const, art I, § 6) is not triggered when a person is compelled to perform such tests.

Similarly, in the instant case, the defendant's performance of the physical coordination tests did not constitute testimonial or communicative evidence. Therefore, the failure to deliver *Miranda* warnings does not compel suppression of the results of such tests.

We have reviewed the remaining contentions raised by the defendant and conclude that they are either unpreserved for review or lack merit. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur. *[See,* 124 Misc 2d 123.]