OPINION OF THE COURT
Charles H. Solomon, J.
Defendant was arrested on September 4, 1986 and charged in an information with reckless driving and driving while intoxicated. (Vehicle and Traffic Law §§ 1190, 1192 [3].) It is *116 alleged that the arresting officer observed defendant, operating a motor vehicle, drive through a red light. Upon inspection, the officer noticed the defendant had watery and bloodshot eyes, slurred speech, an odor of alcohol on his breath and that he was unsteady on his feet. Defendant was placed under arrest for driving while intoxicated and, after being advised of his rights under Vehicle and Traffic Law § 1194, refused to submit to a breathalyzer examination.
In a pretrial omnibus motion, defendant has moved pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss that count of the information charging reckless driving as being defective on its face. In addition, defendant seeks suppression of his refusal to submit to a breathalyzer examination on the ground that he was not properly advised of the consequences of his refusal, as required by Vehicle and Traffic Law § 1194. In the alternative, defendant requests a pretrial hearing on the admissibility of the refusal. The issue to be decided is whether this hearing should be conducted by the Trial Judge immediately prior to the start of the trial.
In response to the defendant’s first request, the People candidly concede that the count of reckless driving is not made out in the information. Accordingly, that count is dismissed. The People’s motion to amend the information to add a count of Vehicle and Traffic Law § 1111 (d), failure to obey a steady red signal, is granted as that charge is made out by the factual allegations set forth in the information. (CPL 100.45 [3].)
When a defendant is charged with driving while intoxicated, Vehicle and Traffic Law § 1194 (4) authorizes the admission at trial of defendant’s refusal to take a breathalyzer test only upon a showing that defendant was properly advised of the consequences of his refusal: "Evidence of a refusal to submit to such chemical test * * * shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this chapter but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.” The admission of this evidence does not violate either the Federal or State constitutional privilege against self-incrimination as long as defendant is not compelled to refuse and is adequately warned of the consequence of his refusal. (South Dakota v Neville, 459 US 553 [1983]; People v Thomas, 46 NY2d 100, 106-107 [1978].) However, before the evidence may be admitted at trial, the *117 People must lay a proper evidentiary foundation. First, the refusal is admissible upon a showing that the police had reasonable cause to believe defendant was driving while intoxicated, and the request to submit to a breathalyzer test was made within two hours of defendant’s arrest. (Vehicle and Traffic Law § 1194 [1]; People v Brol, 81 AD2d 739, 740 [4th Dept 1981].) Next, a request must be made that defendant submit to the test and defendant must be told that his refusal would result in the immediate mandatory suspension as well as the subsequent revocation of his driver’s license. (Vehicle and Traffic Law § 1194 [2]; People v Philbert, 110 Misc 2d 1042, 1044 [Crim Ct, Queens County 1981].) Finally, defendant must be warned that evidence of his refusal could be introduced at a subsequent trial. (People v Boudreau, 115 AD2d 652, 653-654 [2d Dept 1985]; People v Boone, 71 AD2d 859, 860 [2d Dept 1979].) Only if this foundation is laid will the evidence be received at trial.
In the instant case, defendant contends that the police failed to advise him of the effect of his refusal to submit to a breathalyzer test. Thus, he argues that his refusal should not be admitted at trial or, alternatively, relying on People v Houghland (79 Misc 2d 868, 871-872 [Dist Ct, Suffolk County 1974]), that a pretrial hearing be held on that issue. The People deny the factual allegations set forth by defendant but consent to a pretrial hearing to determine the admissibility of the evidence.
Where the defense makes a timely request, alleging that the police did not comply with the requirements of Vehicle and Traffic Law § 1194 (4), there must be a pretrial determination as to whether evidence of defendant’s refusal will be admitted at trial. (See, People v Brol, supra; People v Boone, supra.) A hearing held during trial, or a ruling made during the course of the trial, has little practical value to a defendant. Absent pretrial suppression, the prosecutor is entitled to discuss the refusal to submit to the breathalyzer test with the jury in his opening statement. Once the jury is made aware of this evidence, the damage is done regardless of whether the prosecution is permitted to introduce that evidence at trial. A ruling made during trial excluding that evidence may thus be futile. Nor would curative instructions warning the jury not to consider the evidence eliminate the tremendous prejudicial effect. Therefore, the ruling must be made pretrial. That same conclusion was reached in People v Delia (105 Misc 2d 483, 484 [Onondaga County Ct 1980]) and People v Houghland *118 (supra), the only reported cases which have dealt with the issue of pretrial determination of the admissibility of this type of evidence. However, the procedure to be followed in the order and conduct of a hearing of this nature, while alluded to in both Delia and Houghland, has never been addressed by the courts.
In New York County Criminal Court, when a defendant moves to suppress physical evidence (Mapp v Ohio, 367 US 643), identification testimony (United States v Wade, 388 US 218) or custodial statements (People v Huntley, 15 NY2d 72), a hearing is ordered by the Judge presiding in the All Purpose (AP) Part and matter is adjourned. On the adjourned date, the case is referred to a retired Judge who serves as a Judicial Hearing Officer (JHO) pursuant to CPL 255.20 (4). The JHO hears testimony and makes findings of fact and conclusions of law and recommends that defendant’s motion either be denied or granted. The case is again adjourned, for a set number of days, to a Jury Trial Part, during which time the court stenographer furnishes the minutes of the hearing to an assigned Judge for review. On the adjourned date, the findings of the JHO are adopted, rejected or modified by the assigned Judge and defendant’s motion is either granted or denied. Should this same procedure be followed where a defendant has moved to preclude introduction into evidence of his refusal to submit to a breathalyzer test on the ground that the police failed to comply with the requirements of Vehicle and Traffic Law § 1194? In the opinion of this court, it should not. There is a practical and expeditious method which at the same time fully safeguards defendant’s rights.
Rather than having the matter referred to a JHO in the above manner, it is logical, fair and extremely efficient to have the determination made by the Trial Judge immediately before trial. Preliminarily, there is neither a statutory nor a constitutional right to a pretrial hearing on a motion to suppress evidence of a refusal to submit to a breathalyzer test on the ground that the police failed to follow the procedure in Vehicle and Traffic Law § 1194. That ground is not included in CPL 710.20 which lists the categories of suppressible evidence to which CPL article 710 applies. Nor does a defendant’s refusal to submit to this test involve the 5th Amendment privilege, and, consequently, there is no constitutional issue to be decided at a pretrial hearing. (People v Thomas, 46 NY2d 100, 106-109, supra.) Instead, what is involved is simply a *119 question of whether a proper foundation has been established to warrant the admission of the evidence. Many issues of this nature are referred to the Trial Judge for decision prior to trial. The Court of Appeals in recent decisions has expressed a preference that the Trial Judge pass on questions concerning the admissibility of certain evidence prior to jury selection. For example, the scope of cross-examination of a defendant concerning prior criminal convictions or bad acts is normally referred to the Trial Judge for a pretrial hearing. (People v Sandoval, 34 NY2d 371, 375 [1974].) So, too, with respect to the prosecution’s application to introduce evidence of uncharged criminal conduct on its direct case. In People v Ventimiglia (52 NY2d 350, 361-362 [1981]), the Court of Appeals suggested that this determination should be made on the prosecution’s application, after a hearing was held outside the presence of the jury. In addition, in cases where a prosecution witness has been hypnotized, the prosecution has to demonstrate at a pretrial hearing that the testimony of the witness as to his prehypnotic recollection will be reliable and that there has been no substantial impairment of defendant’s right of cross-examination. (People v Tunstall, 63 NY2d 1, 8-9 [1984]; People v Hughes, 59 NY2d 523, 546-548 [1983].) There are countless other examples of evidentiary rulings which are properly decided by the Trial Judge before the trial commences. There is no reason why that same procedure should not be followed when the issue is the admissibility of a defendant’s refusal to submit to a breathalyzer test.
Obviously, every pretrial motion cannot, and indeed should not, be referred to a JHO. To have pretrial hearings on the admissibility of a defendant’s refusal to submit to a breathalyzer test referred to a JHO, rather than to the Trial Judge, would place an unduly harsh burden on the already overburdened Criminal Court. It would also be impractical by adding "just another layer of delay and red tape to the already complicated machinery.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 255.20 [1986 Pocket Part], p 115.) Both the Court of Appeals as well as the Appellate Division, First Department, have commented that the calendars in the Criminal Court of New York City are "seriously overburdened”. (People v Douglass, 60 NY2d 194, 205 [1983]; Matter of Morgenthau v Gold, 117 AD2d 386, 390 [1st Dept 1986].) Without sacrificing the quality of justice, Judges must be ever cognizant of judicial economy. In the opinion of this court, the better practice would be to refer pretrial motions *120 seeking suppression of a defendant’s refusal to submit to a breathalyzer test to the Trial Judge.
Admissibility of a defendant’s refusal to submit to a breathalyzer test is a preliminary question that must be determined prior to jury selection. Where it is alleged that the police have not complied with the requirements of Vehicle and Traffic Law § 1194, and a hearing is sought on the admissibility of that evidence, the matter will be referred to the Trial Judge for such a hearing immediately prior to jury selection.