132

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL CROCKER, Respondent.

Third Department, March 5, 1987

---

**APPEARANCES OF COUNSEL**

*Michael Kavanagh, District Attorney (Joan Lamb* of counsel), for appellant.

*Bruce D. Blatchly* for respondent.

## OPINION OF THE COURT

MAIN, J.

On September 15, 1985, defendant was involved in a three-car accident in the Town of Shawangunk, Ulster County. The first police officer, Deputy Sheriff Jay Lawrence, was at the scene of the accident at approximately 4:30 P.M. He observed that the accident was serious, with a number of injured persons, and he radioed for an ambulance, rendered assistance to the injured, and dealt with the traffic problems created by the accident. He was the only police officer at the scene; although another Deputy Sheriff had been dispatched, he would not arrive for more than 30 minutes.

Within a few minutes of his arrival, Lawrence was accosted by defendant, who identified himself as the driver of one of the cars and told Lawrence that the accident was not his fault. Lawrence observed that defendant was injured; he was limping and his forehead was bleeding. Lawrence also observed that defendant's eyes were bloodshot, his speech was slurred, he could not stand without swaying and there was the strong smell of alcohol on his breath. Lawrence concluded that defendant was intoxicated. Defendant refused Lawrence's offer of medical treatment, and Lawrence asked him to stand to the side of the road while he continued investigating the accident. Defendant continued to walk around and tell people, Lawrence included, that the accident was not his fault.

At approximately 5:10 P.M., Deputy Sheriff Timothy McGuire arrived at the scene. Lawrence told him that defendant was injured and intoxicated and had refused medical treatment. Defendant refused McGuire's offer of medical treatment, at which time McGuire also concluded that defendant was intoxicated. At 5:19 P.M., McGuire arrested defendant for driving while intoxicated. Defendant was taken to a hospital for treatment and a blood test was administered to him there at 7:06 P.M. The test revealed a blood alcohol content of 0.12%.

Defendant subsequently was indicted for four counts of vehicular assault (Penal Law § 120.03), two counts of assault in the third degree (Penal Law § 120.00), two counts of assault in the second degree (Penal Law § 120.05), and two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). Defendant moved to suppress the results of the blood test on the basis that, *inter alia,* the test was not given within two hours of his arrest *(see,*

Vehicle and Traffic Law § 1194 [1]). Following a hearing, County Court granted the motion, finding that although defendant was not formally arrested until 5:19 P.M., Lawrence had probable cause to arrest him as early as 4:34 P.M. and Lawrence himself had stated during the hearing that defendant would not have been permitted to leave the scene. Therefore, the court concluded that the two-hour time period began at 4:34 P.M., when Lawrence had initial contact with defendant, and the test was not administered during that two-hour period.

We recognize that the question of whether a person is "in custody" is a factual matter to be determined by the trier of fact *(People v Waymer,* 53 NY2d 1053, 1054) and that this determination should not be rejected unless it is unsupported as a matter of law *(People v Baird,* 111 AD2d 1044, 1045; *People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703). Under the facts presented in this case, however, we are of the opinion that County Court erred in its determination. The test to be used in determining whether a person is in custody is " 'what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position' " *(People v Hicks,* 68 NY2d 234, 240, quoting *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *see, People v Dayter,* 112 AD2d 643, 645). The subjective belief of a police officer is not an appropriate basis for determining when an arrest occurs *(People v Hicks, supra,* p 240; *People v Joy,* 114 AD2d 517, 520), and the fact that the officer might have prevented a person from leaving the scene, had he attempted to leave, is not controlling in making the determination *(People v Rodney P.,* 21 NY2d 1, 10).

In applying this test to the present case, it is apparent that County Court placed undue emphasis on the facts that Lawrence had probable cause to arrest defendant at 4:34 P.M. and that Lawrence would not have permitted defendant to leave the scene, since those were Lawrence's subjective beliefs and the record does not reveal that either belief was communicated to defendant. The only event even remotely resembling such a communication, Lawrence's request that defendant stand to the side of the road, appears to have been simply a request that defendant not interfere with Lawrence while he tended to the injured and controlled the scene of the accident. Accordingly, Lawrence's subjective beliefs were an improper basis for County Court's determination.

We believe that an innocent man in defendant's position

reasonably would have believed that he was not under arrest at 4:34 P.M. on the day in question. At no time prior to his formal arrest was defendant physically restrained, even though he ignored Lawrence's request for him to stand aside. Indeed, aside from Lawrence's initial encounter with defendant, there was little police contact with defendant until McGuire arrived at the scene at 5:10 P.M. Lawrence, the police officer at the scene until that time, did not communicate to defendant any intention to arrest him, but simply requested that he stay out of the way. Under such circumstances, County Court's determination that defendant was in custody at 4:34 P.M. is unsupported as a matter of law.

It is, therefore, apparent that defendant was not arrested until 5:19 P.M., when McGuire told defendant that he was under arrest and proceeded to physically restrain him. Since the blood test in question was performed at 7:06 P.M., the test was made within the two-hour time limit mandated by Vehicle and Traffic Law § 1194 (1). Accordingly, County Court's order suppressing the blood test must be reversed. Having so decided, we need not reach the People's remaining contention.

MAHONEY, P. J., KANE, WEISS and MIKOLL, JJ., concur.

Order reversed, on the law, and defendant's motion to suppress blood test results denied.