OPINION OF THE COURT
Zelda Jonas, J.
STATEMENT OF FACTS
The defendant was arrested on July 26, 1987 and charged with driving while intoxicated in violation of section 1192 (3) of the Vehicle and Traffic Law. At the time he was arraigned on the charge he pleaded not guilty. The defendant now moves, inter alia, for an order directing that a pretrial hearing be held to determine the admissibility of defendant’s alleged refusal to submit to a breathalyzer, blood, urine or saliva test pursuant to section 1194 (4) of the Vehicle and Traffic Law. The defendant contends that he was not properly advised of the consequences of his refusal and that he was not requested to take a chemical test until more than two hours *162 after his arrest, and, therefore, his refusal to submit to a chemical test should be suppressed and not be admissible at trial.
The People oppose the motion, contending that there is no constitutional or statutory requirement for such hearing.
DISCUSSION
To admit defendant’s refusal to consent to a chemical test of his blood, breath and/or urine to determine his blood alcohol (Vehicle and Traffic Law § 1194 [4]) at the time of trial, the People must first establish that the police had reasonable cause to believe that the defendant was driving while intoxicated and that the request to submit to such chemical test was made within two hours of defendant’s arrest. (Vehicle and Traffic Law § 1194 [1].) If the defendant’s refusal was made after the statutory two-hour limit, the refusal is not admissible at the time of trial. (People v Brol, 81 AD2d 739 [4th Dept 1981].) (Had the defendant given his express consent to take the test, the two-hóur statutory limit would not apply. In such a case, the Judge must determine, as an "impartial magistrate”, if the defendant has been denied due process in considering the admission of the chemical test beyond the statutory two-hour period. [People v Mills, 124 AD2d 600, 601, lv denied 69 NY2d 953; People v McGrath, NYLJ, Feb. 8, 1988, at 1, col 6.]) However, if the refusal is made within the two-hour statutory period of time, it is admissible "only upon a showing that the person was given sufficient ‘warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.” (Vehicle and Traffic Law § 1194 [4]; People v Delia, 105 Misc 2d 483 [Onondoga County Ct 1980].)
The refusal by an operator of a motor vehicle to consent to a chemical test to determine his blood alcohol permits a court to charge a jury that they can consider the refusal as some evidence of guilt. In effect, it allows the jury to infer a consciousness of guilt on the part of the defendant. (People v Thomas, 46 NY2d 100, 106 [1978]; People v Boone, 71 AD2d 859 [2d Dept 1979].)
Despite the prejudicial effect this evidence might have at the time of trial, if it conforms to the statutory requirements of Vehicle and Traffic Law § 1194 (4) it does not violate either Federal or State constitutional rights. (People v Thomas, supra; South Dakota v Neville, 459 US 553 [1983].) Nor is the *163 evidence of the refusal one of the categories of evidence subject to suppression authorized by statute (CPL 710.20).
The question for the court then becomes whether or not to permit comment of such refusal to be presented to the jury, and upon a failure of the People to provide the necessary foundation, admonish the jury not to consider the evidence; or, conduct a pretrial hearing as to the admissibility of the refusal.
The courts of this State have consistently recognized the basic premise that an admonition to disregard evidence which has been stricken out is "easy to give and hard to follow.” (People v Marshall, 306 NY 223, 228 [1954]; People v Houghland, 79 Misc 2d 868 [Dist Ct, Suffolk County 1974].) In recognition of this fact, varied evidentiary determinations have been subject to pretrial hearings. (People v Dawson, 50 NY2d 311 [1980] [admissibility of defense witnesses, failure to come forward with exculpatory information at an earlier date]; People v Ventimiglia, 52 NY2d 350, 361-362 [1981] [admission of potentially prejudicial testimony regarding uncharged crimes]; People v Turnstall, 63 NY2d 1, 8-9 [1984] [admission of witnesses’ prehypnotic recollection].)
In addition to these pretrial hearings, courts have sanctioned suppression hearings prior to trial to determine the admissibility of evidence of a defendant’s refusal to take a chemical test to determine his/her blood alcohol. (People v Kates, 53 NY2d 591 [1981]; People v Crocker, 125 AD2d 132 [3d Dept 1987]; People v Boone, 71 AD2d 859, 860, supra [2d Dept 1979]; People v Boudreaux, 115 AD2d 652, 653-654 [2d Dept 1985].) Failure to do so has sometimes compelled the court to consider the admission of such evidence a factor in reversing a finding of guilt. (People v Boone, supra.)
Where there is a denial by a defendant of a refusal to give his consent to take the test, this court favors a pretrial hearing. There exists in the instant case issues of fact which must be resolved before the evidence of refusal is competent and can be considered by the jury. The court therefore finds that a pretrial hearing is necessary in order to determine whether defendant’s refusal, if any, was given within the two-hour limit and whether the defendant was advised of the consequences of his refusal in accordance with the statute. (Since there are no "unique * * * [or] unfathomable consequences” of the refusal, the People should assume the burden of demonstrating by a fair preponderance of the evidence at *164 the time of the hearing that the defendant refused to consent to the test as mandated by Vehicle and Traffic Law § 1194 [1], [4]. [People v Hughes, 59 NY2d 523, 547 (1983); People v Turnstall, supra].)
The People having stipulated that they would not offer the statements made by the defendant as part of their direct case, defendant’s motion for a Huntley hearing is rendered moot.