OPINION OF THE COURT
Victor B. Chambers, J.
The defendant was arrested August 28, 1988 and charged with driving while intoxicated, failure to comply with the direction of a police officer and following too closely. The court *342 has previously ruled that the initial stop of the defendant’s motor vehicle and his subsequent arrest were made upon probable cause. The defendant refused to submit to a chemical test to determine his blood alcohol content.
Defendant has now submitted a motion to the court requesting that all evidence of his refusal to submit to a blood alcohol test be excluded at any subsequent trial, that the District Attorney be prohibited, from mentioning the refusal in his opening or closing statements, that the court refrain from charging the jury as to any refusal, and that, if the District Attorney opposes the motion, he be accorded a pretrial hearing on these issues. The basis for this motion, defendant alleges, is that he was deprived of an opportunity to have a meaningful consultation with an attorney before being required to submit to the blood alcohol test after he made a request to so consult, and the affidavits supporting the motion contain allegations of fact which, if true, would support such a contention. The defendant alleges that the police action in so denying him access to counsel violated his Sixth Amendment right to the assistance of counsel.
ISSUES
1. Is evidence of a refusal to submit to a chemical test to determine a suspect’s blood alcohol content admissible upon trial pursuant to Vehicle and Traffic Law § 1194 (2) (f) if the defendant’s right to consult with counsel prior to such a test is denied by police officials?
2. What are the rights of a prosecuting attorney to comment on such issues in his opening and closing statements, and his right to request a charge to the jury as to the inferences it may draw from such a refusal?
3. Upon the filing of a motion alleging certain facts, which, if proven, would establish the denial of an opportunity to consult with an attorney before taking the blood alcohol test, is a defendant entitled to a pretrial hearing to determine whether or not evidence of such refusal should be submitted at trial?
DISCUSSION
Subdivision (2) (f) of section 1194 of the Vehicle and Traffic Law states that evidence of a defendant’s refusal to submit to a chemical test to determine alcoholic content of his blood shall be admissible in any trial based upon a violation of *343 section 1192 of the Vehicle and Traffic Law, provided the defendant is given sufficient warning, in clear and unequivocal language, of the effect of such refusal. This section of law has been declared constitutional by the Court of Appeals. (People v Thomas, 46 NY2d 100.) That court held that while a statement of refusal might be considered to be "communicative or testimonial” it was not a violation of defendant’s Fifth Amendment rights to admit such evidence because "only * * * [such] evidence [which] has been compelled is excludable in a criminal proceeding” (supra, at 107). "It is only communicative or testimonial evidence that has been extracted from the defendant by compulsion in some form that falls before the constitutional proscriptions.” (Supra, at 107, citing Schmerber v California, 384 US 757 [which held, that a forcible withdrawal of blood for analysis purposes did not violate the Fifth Amendment privilege against self-incrimination, the Thomas court reasoned that a defendant has no constitutional right not to take the test].) This being true, the court stated "hence comment on his refusal represents no infringement of privilege or right.” (Supra, at 109.) In this court’s opinion, these cases are dispositive of the issue of whether a forced chemical test, or the refusal to take one, violates defendant’s Fifth Amendment privilege against self-incrimination.
These cases, however, are not dispositive of a defendant’s Sixth Amendment right to the assistance of counsel. A leading case on this subject, as it pertains to chemical tests to determine intoxication, is People v Gursey (22 NY2d 224). In that case a defendant made a request to telephone an attorney before submitting to a breathalyzer test, but was refused, and thereafter he took the test. The Court of Appeals, in suppressing the result of such test, stated "law enforcement officials may not, without justification, prevent access between the criminal accused and his lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand.” (Supra, at 227.) Such conduct, the court held, violated his privilege of access to counsel.
The Court of Appeals has held that the request to take a breathalyzer test is not a "critical stage” of the proceedings within the meaning of the Sixth Amendment, inasmuch as no judicial proceedings have yet been commenced. In People v Shaw (72 NY2d 1032), the court held that "[t]he Sixth Amendment does not require that the defendant be afforded counsel at this stage of the proceedings.” The court went on to say, *344 however, that "a defendant who has been arrested for driving while intoxicated, but not yet formally charged in court, generally has the right to consult with a lawyer before deciding whether to consent to a sobriety test, if he requests assistance of counsel”. (Supra, at 1033-1034, citing People v Gursey, supra [emphasis supplied].) Similarly, a New York court has held that if a defendant is accorded the right to consult with an attorney who advises the defendant not to submit to the test, and if the defendant of his own volition thereafter does consent to take such a test, the results should not be suppressed. (People v Nigohosian, 138 Misc 2d 843.)
The court has been cited People v Houghland (79 Misc 2d 868) as authority for the proposition that defendant is entitled to access to counsel and to specific advice that he is so entitled before being asked to submit to a chemical test. That court held that the refusal to take the test is an admission against penal interest and requires full warnings under Miranda v Arizona (384 US 436) before such a refusal can be entered into evidence. This court holds that such is not the law in this State in light of the holding of the Court of Appeals in People v Shaw (supra), People v Hager (69 NY2d 141), and Schmerber v California (supra).
This court does hold, however, that a defendant has a qualified right to consult with counsel prior to determining whether or not to submit to a chemical test to determine the alcohol content of his blood if he makes a request to do so. By "qualified” the court means that such consultation must not unreasonably interfere with the testing procedure. The question before the defendant at that point is simply whether or not to take the test. His access to an attorney should not "extend so far as to palpably impair or nullify the statutory procedure requiring drivers to choose between taking the test or losing their licenses” and having their refusal reported to the trier of fact. (People v Gursey, supra, at 229; see also, Matter of Story v Hults, 19 NY2d 936; Matter of Finocchairo v Kelly, 11 NY2d 58.)
Because the refusal of a defendant to take a chemical test to determine his blood alcohol level allows the admission at trial of such refusal and in addition permits a charge to the jury that they may consider such refusal, the admission or suppression of such evidence becomes critical to the defendant. The jury is allowed to infer that such a refusal is evidence of some consciousness of guilt on the part of the defendant. (People v Thomas, supra; People v Boone, 71 AD2d 859.) Such evidence *345 is almost as devastating to a defendant as the admission of the results of a chemical test that revealed he was over the legal intoxication limit. If evidence of a chemical test improperly obtained because of a denial of access to counsel should be suppressed, then it seems extremely logical that evidence of refusal to submit to such a test in like circumstances should also be suppressed.
New York courts have consistently held that if a police officer fails adequately to warn a defendant of the full consequences of his refusal as set forth in Vehicle and Traffic Law § 1194 that the results of such test shall be suppressed. Holdings are also numerous that a refusal made after inadequate warnings may not be submitted into evidence. (See, People v Boone, supra; People v Cruz, 134 Misc 2d 115; People v Philbert, 110 Misc 2d 1042; People v Delia, 105 Misc 2d 483; People v Walsh, 139 Misc 2d 161.) This court is of the opinion that the denial of access to counsel, after a request for such access is made, is at least as serious a breach of defendant’s rights as the failure adequately to advise a defendant of the consequences of his refusal to take the test. I therefore hold that if a defendant is denied access to counsel for the purpose of consulting on the decision of whether or not to submit to a chemical test to determine the alcohol content of his blood, a refusal to submit to such a test may not be used as evidence against the defendant at a subsequent trial. It follows, of course, that the prosecutor may not comment on such refusal, nor shall there be a charge to the jury on such subject.
The final issue to be decided is whether or not the defendant is entitled to a pretrial hearing on the issue raised by his motion. The choices appear to be either to conduct such a hearing or permit comment of such refusal to be presented to the jury and, upon failure of the People to provide the necessary foundation, to admonish the jury not to consider the evidence. (People v Walsh, supra.) The Court of Appeals has held that such an admonition is "easy to give and hard to follow.” (People v Marshall, 306 NY 223, 228.) When the issue is whether or not a defendant has been adequately advised of the consequences of refusal, the courts have uniformly favored pretrial hearings. (See, People v Kates, 53 NY2d 591; People v Crocker, 125 AD2d 132; People v Boudreau, 115 AD2d 652; People v Houghland, supra; People v Cruz, supra; People v Delia, supra.) In one case, People v Boone (supra), the Second *346 Department held that the admission of such evidence without proper foundation constituted reversible error. This court thus holds that a defendant is entitled to a separate pretrial hearing to determine whether his refusal to take a breathalyzer test should be submitted to the jury.