OPINION OF THE COURT
Steven M. Jaeger, J.
Defendant has moved for an order “suppressing” use of evidence of defendant’s alleged refusal to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194 or, alternatively, for a hearing on the admissibility of such evidence in this prosecution for driving while intoxicated under Vehicle and Traffic Law § 1192 (3)¿ an A misdemeanor, and other traffic infractions. Defendant asserts that he was not properly ad *598 vised of the consequences of a refusal and that he did not persist in his refusal to be tested. The People oppose said relief on procedural and substantive grounds.
Whether this request is labeled one for “suppression” or for a pretrial determination into the admissibility of evidence, there exists a sufficient body of case law establishing that a defendant is entitled to such a hearing prior to the commencement of jury selection. (See, People v Boone, 71 AD2d 859 [2d Dept 1979] [Court found error in refusal to grant pretrial suppression hearing resulting in improper admission of evidence of refusal]; People v Reynolds, 133 AD2d 499 [3d Dept 1987] [trial court properly denied motion to suppress following suppression hearing]; see also, People v Delia, 105 Misc 2d 483 [Onondaga County Ct 1980]; People v Cruz, 134 Misc 2d 115 [Crim Ct, NY County 1986]; People v Walsh, 139 Misc 2d 161 [Nassau Dist Ct 1988]; People v Robles, 180 Misc 2d 512 [Crim Ct, Bronx County 1999].)
Subdivision (2) (f) of Vehicle and Traffic Law § 1194 states as follows:
“Evidence of a refusal to submit to such chemical test * * * shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this article but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.” (Emphasis added.)
This evidence is admitted upon the theory that such a refusal evidences the defendant’s consciousness of guilt and the People are entitled to a jury charge that they can consider the evidence as some evidence of guilt. (See, e.g., People v Thomas, 46 NY2d 100, 108 [1978]; People v Ferrara, 158 Misc 2d 671 [Crim Ct, Richmond County 1993].) As the trial courts in Delia, Cruz, and Walsh have cogently argued, such statutory language conditions the admissibility upon an evidentiary showing that the refusal was preceded by adequate warning of the consequences of a refusal and the defendant persisted in this refusal. (People v Cruz, supra.)
A hearing held or a ruling made during trial, after jury selection, is of little practical value to a defendant. Absent a pretrial ruling, the People are entitled to discuss the refusal evidence during jury selection and in the opening statement. A curative instruction would be futile to eliminate the prejudicial impact of such disclosure if the trial court finds the evidence of *599 a refusal inadmissible during trial. (People v Cruz, supra; People v Walsh, supra.)
To avoid so prejudicing the trier of fact, the cases set forth above, and others cited in those decisions, make the admissibility of a defendant’s refusal to submit to a chemical test a preliminary matter to be determined by the trial judge prior to the start of jury selection. As Justice Jonas, then sitting as a judge of this court, stated in People v Walsh (at 163):
“The courts of this State have consistently recognized the basic premise that an admonition to disregard evidence which has been stricken out is ‘easy to give and hard to follow.’ (People v Marshall, 306 NY 223, 228 [1954]; People v Houghland, 79 Misc 2d 868 [Dist Ct, Suffolk County 1974].) In recognition of this fact, varied evidentiary determinations have been subject to pretrial hearings. (People v Dawson, 50 NY2d 311 [1980] [admissibility of defense witnesses, failure to come forward with exculpatory information at an earlier date]; People v Ventimiglia, 52 NY2d 350, 361-362 [1981] [admission of potentially prejudicial testimony regarding uncharged crimes]; People v Turnstall, 63 NY2d 1, 8-9 [1984] [admission of witnesses’ prehypnotic recollection].)
“In addition to these pretrial hearings, courts have sanctioned suppression hearings prior to trial to determine the admissibility of evidence of a defendant’s refusal to take a chemical test to determine his/her blood alcohol. (People v Kates, 53 NY2d 591 [1981]; People v Crocker, 125 AD2d 132 [3d Dept 1987]; People v Boone, 71 AD2d 859, 860, supra [2d Dept 1979]; People v Boudreaux, 115 AD2d 652, 653-654 [2d Dept 1985].) Failure to do so has sometimes compelled the court to consider the admission of such evidence a factor in reversing a finding of guilt. (People v Boone, supra.)”
While the People attempt to distinguish Cruz by the fact that the People therein consented to the hearing, that court’s holding is not based on the consensual nature of the hearing. The People further misapply the holding in Cruz by stating that it requires only a preliminary ruling during trial by the trial court. The nature and extent of the pretrial hearing required is within the discretion of the trial court based upon preliminary argument by both counsel, and an offer of proof if required, as to “whether a proper foundation has been *600 established to warrant the admission of the evidence.” (People v Cruz, supra at 119.) Since the prosecutor is the proponent of the evidence of the alleged refusal herein, the court finds it appropriate for the People to bear the burden of establishing the admissibility of said evidence pursuant to Vehicle and Traffic Law § 1194 (2) (f) by a preponderance of the evidence. (See, People v Walsh, supra; see also, People v Reynolds, supra.)
Finally, the People’s reliance on People v Morales (161 Misc 2d 128 [Crim Ct, Kings County 1994]) and People v Mills (124 AD2d 600 [2d Dept 1986]) is also misplaced since those cases concern suppression of the test result itself and the refusal of same based on violation of the “two hour rule.” That issue is not before this court.
The court has considered the People’s procedural opposition to a hearing pursuant to CPL 710.20 and 710.60 and is not persuaded that same is of sufficient weight to deny defendant a hearing. First, to the extent that this is a suppression hearing, it is one to suppress “potential testimony” and therefore falls under CPL 710.20 (3). A motion to suppress under said section does not need to comply with the factual basis requirement set forth in CPL 710.60 (3) (b). Further, while defendant’s factual showing in support of his request for a hearing is concededly sparse, it would be sufficient to raise a factual issue at least as to whether he persisted in his refusal under CPL 710.60 (3) if same was required.
Accordingly, the defendant’s motion is granted to the extent that a hearing shall be held by the trial judge prior to the start of jury selection as to the admissibility of evidence of the defendant’s alleged refusal to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194 (2) (f).