THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BADGER, Appellant. [781 NYS2d 907]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered March 1, 2002, convicting him of murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of the crimes of robbery, murder, and criminal possession of a weapon. On appeal, the defendant argues that the trial court erroneously allowed the People to introduce proof that, in response to police questioning, he made a gesture that revealed his knowledge of the location of the murder weapon. We disagree.

Assuming that evidence of the defendant's gesture would have been subject to suppression had it been prompted by a custodial interrogation (*see e.g. People v Boudreau*, 115 AD2d 652 [1985]), the trial court properly determined that the defendant was not in custody at the time that he made this gesture (*see generally People v Centano* 76 NY2d 837 [1990]; *Matter of Kwok T.*, 43 NY2d 213 [1977]; *People v Yukl*, 25 NY2d 585 [1969]; *People v Tankleff*, 199 AD2d 550 [1993], *affd* 84 NY2d 992 [1994]; *People*

*v Lyons,* 4 AD3d 549 [2004]; *Matter of Jemar J.,* 307 AD2d 929 [2003]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Goldstein, Crane and Lifson, JJ., concur.