OPINION OF THE COURT
Per Curiam.
Defendant has been convicted of a violation of section 600 (2) (a) and (b) of the Vehicle and Traffic law, leaving the scene of an accident, and sentenced to a term of probation.
The charges arose at about 12:40 a.m. on May 9, 1983, when Catherine Kuehhas was struck by a car operated by defendant. According to eyewitness’ reports, defendant stopped at the accident scene, but drove away without revealing his identity or exhibiting his license and insurance identification card. Defendant was immediately pursued and caught by the police and after he was caught the investigating officer smelled alcohol on his breath. The police then transported defendant to Central Testing Headquarters where he consented to execute various physical coordination tests, including balancing tests, walking a straight line and holding his arms extended and then touching the tip of his nose with his index fingers. He also consented to a breathalyzer test. Defendant was not given Miranda warnings prior to the administration of the physical coordination tests and he therefore contends that evidence of the results must be suppressed because performance of them violated his privilege against self-incrimination (US Const 5th and 14th Amends; NY Const, art I, § 6).
The privilege against self-incrimination bars the State from compelling a person to provide "evidence of a testimonial or communicative nature” (Schmerber v California, 384 US 757, 761). Evidence is "testimonial or communicative” when it reveals a person’s subjective knowledge or thought processes (see, State v Theriault, 144 Ariz 166, 696 P2d 718; Commonwealth v Brennan, 386 Mass 772, 438 NE2d 60). Physical performance tests do not reveal a person’s subjective knowledge or thought processes but, rather, exhibit a person’s degree of physical coordination for observation by police officers. The defendant’s responses to those tests in this case indicated he had imbibed alcohol, not because the tests revealed defendant’s thoughts, but because his body’s responses differed from those of a sober person (see People v Boudreau, 115 AD2d 652, 654). We conclude, therefore, that Miranda warnings were not required to be given to defendant prior to the administration of the performance tests.
*143 Insofar as defendant’s other contentions are preserved for our review, they do not require reversal.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed.