OPINION OF THE COURT
Memorandum.
The order of County Court should be affirmed.
The suppression court found a lack of probable cause to stop defendant’s van for alleged traffic infractions. On appeal, the County Court properly held that the legality of the stop should be measured against a reasonable suspicion standard (see, People v Sobotker, 43 NY2d 559; People v Ingle, 36 NY2d 413). It affirmed, however, stating that "[t]he objective facts and circumstances did not support the stop as a matter of law based on the evidence the town court had before it” (emphasis added).
Whether a police officer has the requisite reasonable suspicion to believe a defendant had been, is then or is about to be engaged in conduct in violation of the law is generally a mixed question of law and fact which can rarely be resolved as a matter of law (People v Harrison, 57 NY2d 470, 477-478; People v Sobotker, 43 NY2d 559, 563-564, supra). Although the County Court stated that it made its determination that no reasonable suspicion existed "as a matter of law,” it is evident that the court independently assessed the facts in its affirmance. Thus, County Court’s findings on this mixed question of law and fact render the issue beyond the review powers of this court (People v Harrison, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the *930 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.