OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was arrested for driving while intoxicated and subsequently charged with that crime as a felony (Vehicle and Traffic Law § 1192 [3], [5]). After his arrest he was removed to police headquarters where performance tests were administered to determine his sobriety. During the tests he was questioned about his pedigree and the fact that he had been requested to take a chemical analysis test and refused to do so (see, Vehicle and Traffic Law § 1194); he was also asked if he had been under medication at the time he was operating his vehicle or whether he was a diabetic. An audio/video tape of the questions and answers and of the performance tests was made.
Before trial defendant moved to generally suppress the sound portion of the tape because no Miranda warnings had been administered to him before he was questioned. The Judicial Hearing Officer ruled that Miranda warnings were not required because the police had not interrogated defendant (see, Rhode Is. v Innis, 446 US 291, 301; Edwards v Bray, 688 F2d 91, 92). At trial defendant made no objection to admission of police form 38 which contained many of the same questions and answers. It is the Judicial Hearing Officer’s determination that the audio/visual tape should not be suppressed, which was confirmed by the trial court and upheld by the Appellate Division, to which defendant assigns error.
Performance tests need not be preceded by Miranda warnings and, generally an audio/visual tape of such tests, including any colloquy between the test-giver and the defendant not constituting custodial interrogation, is admissible (see, People v Hager, 69 NY2d 141; see also, People v Boudreau, 115 AD2d 652). In this case defendant asserts that some of the questions and answers recorded on the tape constituted inadmissible custodial interrogation but inasmuch as he moved to suppress audio portions of the tape generally and failed to identify the specific questions and answers he found objectionable, the *827 contentions of inadmissibility he now raises, are unpreserved and beyond our review (see, People v Tutt, 38 NY2d 1011).
We have considered defendant’s remaining argument — that the prosecutor was vindictive in indicting him for a felony after negotiations for a plea to a misdemeanor charge of driving while intoxicated failed — and find no merit to it (see, Bordenkircher v Hayes, 434 US 357, reh denied 435 US 918).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed in a memorandum.