Richard K. JACQUIN,
Petitioner–Appellant,

v.

Walter STENZIL, Warden, Nassau
County Correctional Center,
Respondent–Appellee.

No. 1350, Docket 89–2064.

United States Court of Appeals,
Second Circuit.

Argued July 17, 1989.

Decided Sept. 28, 1989.

Steven G. Legum, Mineola, N.Y. (Carlucci & Legum, Mineola, N.Y., of counsel), for petitioner-appellant.

Peter R. Shapiro, Nassau County Asst. Dist. Atty., Mineola, N.Y. (Denis Dillon, Nassau County Dist. Atty., Bruce E. Whitney, Nassau County Asst. Dist. Atty., Mineola, N.Y., of counsel), for respondent-appellee.

Before WINTER and MAHONEY, Circuit Judges, and RE,* Judge.

WINTER, Circuit Judge:

Richard K. Jacquin appeals from the denial of his petition for a writ of habeas corpus. Jacquin was convicted by a New York state court for driving while intoxicated. His conviction was based in part on a videotape of a performance test. At a pretrial suppression hearing, his counsel objected to the admission of the entire audio portion of the videotape containing questions and answers on the ground that the answers were obtained in violation of Jacquin's rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The tape with the audio portion was admitted, and Jacquin was convicted. The New York Court of Appeals affirmed, holding *sua sponte* that Jacquin had failed to preserve the *Miranda* issue for appellate review under New York state law. Judge Mishler dismissed Jacquin's petition for a writ of habeas corpus but granted him a certificate of probable cause for this appeal. We affirm on the ground that a procedural default under state law precludes review.

In the early morning hours of May 6, 1983, a Nassau County police officer observed Jacquin driving his car erratically in Garden City, New York. After pulling Jacquin over, the odor of alcohol and Jacquin's difficulty in standing gave the officer ample reason to doubt his sobriety. Jacquin's statement, "You got a winner here.... I can't pass no test," did little to allay the officer's suspicion.

The officer took Jacquin to the police headquarters' Central Testing Unit, where Jacquin twice refused to take a breathalyzer test. Without reading a *Miranda* warning to Jacquin, an officer activated a videotape machine to record everything that Jacquin did and said while being given a "performance test." The performance test involved Jacquin's picking up coins from the floor and putting them on a table, walking a line heel to toe, standing straight with head back, and touching the tip of his nose with his fingertips. These acts were accompanied by various oral interchanges between Jacquin and an officer. Jacquin was required to answer a number of questions, including routine pedigree information. Also among the questions were the following: "How long have you had your driver's license? ... [K]nowing that your license will be suspended do you still refuse to take the [breathalyzer] test? ... Do you have any injuries? ... Are you diabetic?"

At a suppression hearing on March 22, 1985, defense counsel objected to the admission of all the questions, answers and other interchanges recorded on the videotape on the ground that admission would violate Jacquin's *Miranda* rights. The hearing judge asked defense counsel to particularize the statements subject to *Miranda* rulings, and counsel stated that "[a]ny conversation there beyond refusal" was the object of his *Miranda* claim. The judge thereafter admitted the videotaped questions and answers in their entirety.

At trial, the videotape was played to the jury without objection by defense counsel. Defense counsel also made no Fifth Amendment-based objection to the admission of a police form with many of the same questions and answers on it. The jury convicted Jacquin of the felony of driving while intoxicated, and he was sentenced to sixty days' imprisonment, five years' probation, a $500 fine, and revocation of his driver's license for one year. Jacquin appealed his conviction to the Appellate Division. On appeal, the state made no claim that Jacquin had failed to preserve his *Miranda* objection, and the Appellate Division reached the *Miranda* issue and affirmed on the merits.

* The Hon. Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

Jacquin was then accorded leave to appeal to the New York Court of Appeals. Again, the state did not argue that he failed to preserve the *Miranda* issue. The Court of Appeals affirmed, holding *sua sponte*, however, that Jacquin's motion to suppress the entire audio portion of the videotape was insufficient to preserve the *Miranda* issue for appeal. It was necessary, the court stated, for Jacquin's lawyer "to identify the specific questions and answers he found objectionable" in order to preserve the issue for review. *People v. Jacquin*, 71 N.Y.2d 825, 826, 522 N.E.2d 1026, 1027, 527 N.Y.S.2d 728, 729 (1988).

Jacquin thereupon petitioned in the Eastern District for a writ of habeas corpus arguing that his impending imprisonment[1] violated his federal constitutional rights. Judge Mishler dismissed the petition, holding that Jacquin's claims were barred under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Wainwright*, the Supreme Court held that a state court's "adequate and independent" finding of procedural default will bar federal habeas review, unless the petitioner can show "cause and prejudice."

■■■ Jacquin's principal argument is that the issue of reviewability is itself a federal question and that the merits of a particular state procedural bar must be examined by federal courts. We disagree. States are free to fashion their procedural rules according to their perception of their own needs. Of course, a state may not create procedural rules that deliberately vitiate federal rights, and a reasonably unanticipated finding of procedural default may satisfy the "cause" requirement of *Wainwright. See Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). Neither condition obtains in the present case, however. Some portions of the audio involved pedigree information that is not subject to *Miranda* procedures. *See United States v. Carmona*, 873 F.2d 569, 573 (2d Cir.1989); *United States v. Adegbite*, 846 F.2d 834, 838 (2d Cir.1988).

Other portions were not testimonial but merely demonstrative of Jacquin's capacity to remember, to respond coherently to questions and to speak clearly. His ability or inability to do these things was indicative of his sobriety or lack thereof. The audio portion was thus not unlike a voice sample, *see United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), handwriting exemplar, *see Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), or a vial of blood, *see Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), all of which have been held not to implicate Fifth Amendment rights.

■■■ Much of the audio portion of the videotape in the instant case was thus admissible. Some portions may have had both testimonial and demonstrative aspects, however, and might have been subject to a valid *Miranda* objection. Certainly police cannot be allowed to circumvent *Miranda* by conducting an interrogation under the guise of a performance test. Nevertheless, the fact that some portions might have been testimonial and implicated *Miranda* was deemed by the New York Court of Appeals to be irrelevant because Jacquin's counsel failed to designate the offending portions. Nothing in that ruling intrudes on or impedes the effectuation of *Miranda* rights. Specificity in an evidentiary objection is also required in federal courts to preserve an issue for appeal. *See* Fed.R.Evid. 103(a)(1). Moreover, it appears that Jacquin's counsel was using the *Miranda* objection as a means of excluding demonstrative as well as testimonial evidence. He was properly concerned with his client's incriminating performance as demonstrated through the medium of sound. Eliminating only a portion of the audio would have been of little aid to that cause and so he understandably made, and staunchly adhered to, the wholesale objection, despite prodding by the court for a more specific objection. That clearly amounts to a waiver of all narrower claims.

---

**1.** After Jacquin had been incarcerated for several days, the Appellate Division granted bail. He has remained at liberty under probationary supervision during the pendency of his appeals and the present action.

■ The fact that the ruling in *Jacquin* was *sua sponte* is also of no consequence. The failure of the prosecution to argue a procedural bar does not disable a state court from recognizing one where it exists. At the time of trial, there was ample reason to anticipate that a wholesale objection would not preserve the *Miranda* issue, *see People v. Tutt*, 38 N.Y.2d 1011, 348 N.E.2d 920, 384 N.Y.S.2d 444 (1976) (mem.), and Jacquin cannot now claim surprise in an effort to meet the cause requirement of *Wainwright*. Because Jacquin is unable to show cause, it is unnecessary for us to reach the issue of prejudice, the second prong of the *Wainwright* analysis.

We have examined Jacquin's remaining claims and find them to be without merit.

Affirmed.