◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SHERIDAN, Appellant. [596 NYS2d 245] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that testimony concerning the performance of field sobriety tests was improperly admitted into evidence. The State Trooper had no obligation to inform defendant that he had a right to refuse *(see generally, People v Hager,* 69 NY2d 141, 142; *People v Hart,* 191 AD2d 991). There is no statutory or other requirement for the establishment of rules regulating field sobriety tests *(see,* Vehicle and Traffic Law § 1194; *People v Scott,* 63 NY2d 518).

We also reject defendant's contention that the court erred in permitting the redirect testimony of a State Trooper regarding the reason that he had not asked defendant to per-

form other sobriety tests. That testimony was properly allowed in light of the cross-examination of the Trooper. Further, the evidence of defendant's guilt was overwhelming and the error, if any, was harmless. (Appeal from Judgment of Genesee County Court, Morton, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.