■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME A. DEACON, Appellant. [642 NYS2d 139] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of driving while intoxicated as a felony. County Court sentenced defendant to 11 months in jail, fined him $1,000, and revoked his driver's license. Defendant contends that it was error for the court, following a *Mapp/Huntley* hearing, to deny the motion to suppress the results of a breathalyzer test and defendant's statements to police. Additionally, defendant contends that his sentence is harsh and excessive.

The stop and arrest were valid. The deputy had reasonable suspicion justifying her stop of the van in which defendant was riding (*see, People v Ingle,* 36 NY2d 413; *see also, People v Chilton,* 69 NY2d 928; *People v Sobotker,* 43 NY2d 559). Prior to the stop, the deputy observed the van parked near a blue Chevrolet on the side of the road. The deputy observed an individual, later identified as defendant, turn off the headlights of the Chevrolet and enter the van. The deputy then observed the van pull away from the scene. Subsequently, she observed that the Chevrolet was unoccupied and heavily damaged. The Chevrolet was missing a tire and appeared to have been driven on the rim. Concluding that the Chevrolet had been in an accident, the deputy determined to investigate, which she was

authorized to do (*see generally*, Vehicle and Traffic Law § 600 [1] [b]; § 603 [1]; *cf., People v Bennett*, 70 NY2d 891, 892-893). Because the deputy reasonably suspected that the individual she had seen in the Chevrolet was in the van, she was authorized to stop it (*see, People v Ingle, supra*). After the van driver identified defendant as the driver of the Chevrolet, the deputy properly ordered defendant out of the van (*see, People v Robinson*, 74 NY2d 773, 775, *cert denied* 493 US 996). Defendant exhibited signs of intoxication and admitted that he had been driving the Chevrolet, and thus the deputy was authorized to arrest him and administer a breathalyzer test.

The uncontradicted testimony at the suppression hearing establishes that defendant's subsequent incriminating statements were spontaneously made. The deputy testified that her questioning sought only "pedigree" information necessary to complete the arrest report. The record establishes that the statements were volunteered by defendant and were not responsive to the pedigree questioning. Consequently, the statements are admissible even though defendant was not given his *Miranda* warnings (*see, Pennsylvania v Muniz*, 496 US 582, 601-602; *People v Rodney*, 85 NY2d 289, 292-293; *People v Rodriquez*, 39 NY2d 976, 978).

Defendant's challenge to the severity of the sentence is without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.