[670 NYS2d 57]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELIZA-
BETH A. BERG, Respondent.

Third Department, March 5, 1998

## APPEARANCES OF COUNSEL

*Kenneth R. Bruno, District Attorney* of Rensselaer County, Troy *(Bruce E. Knoll* of counsel), for appellant.

*Gerstenzang, O'Hern & Gerstenzang,* Albany *(Peter Gerstenzang* of counsel), for respondent.

## OPINION OF THE COURT

CARDONA, P. J.

On September 30, 1995, at approximately 5:30 A.M., defendant drove her automobile into a ditch off Sheer Road in the Town of Sand Lake, Rensselaer County, near the residence of State Trooper Andrew Lindeman. Awakened by the accident, Lindeman went outside to investigate. Defendant asked him to help her remove the vehicle from the ditch and not to call the police. He smelled alcohol on defendant and observed that her speech was slurred. When it became evident that the vehicle was inoperable, defendant left the scene.

Lindeman, in the meantime, had summoned the State Police who arrived at the scene shortly after defendant left. Defendant was found at approximately 6:00 A.M. a short distance down the road hiding in the bushes. At that time, she was placed in police custody and returned to the accident scene. Thereafter, State Trooper Joseph Keane proceeded with defendant to her home to obtain her driver's license. When Keane discovered that defendant had provided a false identity, he took her to the police station. At that location, Keane asked her to perform certain sobriety tests which she refused. Thereafter, he placed her under arrest and administered *Miranda* warnings.

Defendant was indicted of the crimes of driving while intoxicated (as a felony) and aggravated unlicensed operation of a motor vehicle. A *Huntley* hearing was held regarding the admissibility of, *inter alia*, defendant's refusal to perform the sobriety tests. Following the hearing, County Court ruled that evidence of defendant's refusal to take the tests was not admissible in the absence of *Miranda* warnings. Accordingly, the court granted defendant's motion to suppress that evidence and the People appeal.

The pivotal issue is whether *Miranda* warnings must be administered to a suspect in police custody prior to a request to perform certain sobriety tests in order for evidence of the suspect's refusal to perform such tests to be later admitted at trial. The United States Supreme Court has held that the Fifth

Amendment privilege against self-incrimination "protects an accused * * * from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature" (*Schmerber v California*, 384 US 757, 761; *see*, *Pennsylvania v Muniz*, 496 US 582, 589). A defendant, however, may be compelled to provide evidence such as fingerprints, a photograph, physical measurements, handwriting or voice exemplars, or be required to participate in a lineup, stand, walk, assume a position or make a gesture, without invoking this privilege inasmuch as such evidence has been deemed not to be "testimonial or communicative" in nature (*see*, *Pennsylvania v Muniz, supra*, at 591; *Schmerber v California, supra*, at 764). Significantly, the New York Court of Appeals has held that evidence of a defendant's performance on sobriety tests is not encompassed by the privilege against self-incrimination and that *Miranda* warnings need not be administered prior to the results of such tests being admitted at trial because such tests "do not reveal a person's subjective knowledge or thought processes" (*People v Hager*, 69 NY2d 141, 142; *see*, *People v Jacquin*, 71 NY2d 825, 826; *People v Sheridan*, 192 AD2d 1057, *lv denied* 81 NY2d 1080; *People v Boudreau*, 115 AD2d 652, 654).

In our view, evidence of the refusal to perform such tests should, under the particular circumstances presented here, be accorded similar treatment. Notably, a defendant's refusal to submit to a chemical test is admissible at trial even absent the prior administration of *Miranda* warnings (*see*, *People v Thomas*, 46 NY2d 100, *appeal dismissed* 444 US 891). While this is statutorily authorized by Vehicle and Traffic Law § 1194, we do not find that the absence of a statute specifically authorizing the similar use of a defendant's refusal to perform sobriety tests mandates a contrary result. The critical inquiry is whether such refusal is testimonial (*see*, *People v Hager, supra*, at 142) and the product of custodial interrogation (*see*, *People v Jacquin, supra*, at 826). Defendant's refusal in the instant case met neither of these criteria.

At the *Huntley* hearing, Keane testified that, while at the police station, he asked defendant to perform certain sobriety tests, specifically, a recitation of the alphabet, horizontal gaze nystagmus, walk and turn, and one-leg stand. Defendant responded "no" and refused to perform the tests. No other words were exchanged in regard to the tests and defendant did not offer any explanation or excuse for her refusal to perform them. In our view, defendant's negative response, *standing*

*alone,* did not explicitly or implicitly "relate a factual assertion or disclose information" so as to be characterized as testimonial (*Doe v United States,* 487 US 201, 210; *compare, Pennsylvania v Muniz,* 496 US 582, 592-594, *supra* [response to questioning the defendant as to the date of his sixth birthday held inadmissible insofar as it gave rise to the inference of the defendant's " 'impaired mental faculties' " and was, therefore, testimonial in nature]).

Furthermore, we do not find that defendant's negative response was the product of custodial interrogation. Although it is conceded that defendant was in police custody at the time she was requested to perform the sobriety tests, the inquiry was not an "interrogation" within the meaning of *Miranda* because the record does not reveal that it was accompanied by any "measure of compulsion above and beyond that inherent in custody itself" (*Rhode Is. v Innis,* 446 US 291, 300; *see, South Dakota v Neville,* 459 US 553, 564). In this regard, Keane testified that, as soon as they arrived at the police station, he requested defendant to perform the sobriety tests and that it was not until she refused that he placed her under arrest. Thus, defendant "was under no compulsion of any sort to *refuse* to take the [sobriety] test[s]" (*People v Thomas,* 46 NY2d 100, 107, *supra* [emphasis in original]). Absent evidence that defendant's refusal was made in response to custodial interrogation and was of a testimonial nature, we conclude that evidence of the refusal is admissible at trial notwithstanding the prior failure to administer *Miranda* warnings. Accordingly, the suppression motion should have been denied.

WHITE, PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is reversed, on the law, motion denied and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.