OPINION OF THE COURT
Michael S. Alongé, J.
The defendant is charged with a violation of Vehicle and *160 Traffic Law § 1192 (3), common-law driving while intoxicated. The case came on for a variety of hearings both as to the admissibility of certain statements and probable cause for the traffic stop, and most significantly, on a motion made by defense counsel during the hearings to redact part of the videotape showing the defendant refusing to take the breathalyzer test. Defense counsel specifically objects to that part of the videotape showing his client refusing to take the test based on the attorney’s advice.
This raises an interesting question calling for an application of the principles concerning a defendant’s right against self-incrimination as enunciated by the United States Supreme Court in Pennsylvania v Muniz (496 US 582 [1990]). This exact question does not appear to have been addressed by New York courts.
As for the defendant’s motion to redact that portion of the videotape showing the defendant refusing to take the breathalyzer test, there are three requirements which must be addressed: (1) was the defendant given clear and unequivocal warnings of the result of his refusal; (2) did he persist in that refusal; and (3) was he deprived of counsel. The record is more than sufficient to show that the defendant was given clear and unequivocal warnings that if he refused to submit to a chemical test his license would be suspended, then revoked and the refusal would be used as evidence against him at trial. The defendant further stated that he had spoken to his attorney, and he was refusing upon advice of counsel. The record shows that the defendant refused to submit to a chemical test a total of five times.
At one point on the video, the following dialogue took place between the arresting officer and the defendant:
“Q. How long have you had your driver’s license?
“A. 50 years.
“Q. Do you own a car?
“A. Yes I do.
“Q. When did you get your license?
“A. Long time ago.
“Q. Do you need your license to get to work or for other responsibilities such as school or shopping?
“A. Yep.
“Q. Knowing your license will be immediately suspended and subsequently revoked, do you refuse to take the test?
*161 “A. My lawyer told me not to answer any questions.
“Q. Again you don’t have to answer any * * *
“A. Don’t play with my [expletive deleted] mind * * * my lawyer told me not to answer. You may be a nice guy. I’m not a smart ass.
“Q. I never said you were.”
Defendant cites the Muniz case (supra) for the proposition that a defendant’s privilege against self-incrimination extends not only to a defendant’s right against self-incrimination, but also to providing the State “ ‘with evidence of a testimonial or communicative nature’ ” (at 582). The Muniz case is noteworthy for formulating the view of the Fifth Amendment that “[a]t its core, the privilege [against self-incrimination] reflects our fierce ‘ “unwillingness to subject those suspected of crime to the cruel trilemma of self-accusation, perjury or contempt” ’ ” (at 595).
The Muniz case held that “[w]henever a suspect is asked for a response requiring him to communicate an express or implied assertion of fact or belief, the suspect confronts the ‘trilemma’ of truth, falsity, or silence, and hence the response (whether based on truth or falsity) contains a testimonial component.” (Supra, at 597.)
Defendant makes much of the fact that the Supreme Court held that an incorrect answer to a question regarding the date of the defendant’s sixth birthday was testimonial and therefore inadmissible. However, the same case also held that: (1) the slurred nature of defendant’s answers to police questions given before he received Miranda warnings was not testimonial within the scope of the privilege against self-incrimination; (2) answers to questions eliciting his name, address, height, weight, eye color, date of birth, and current age were admissible; and (3) remarks made by defendant in connection with videotaped efforts to perform sobriety tests and regarding his refusal to take a breathalyzer test were admissible.
In New York, the reported cases dealing with the Muniz case (supra) are concerned with the admissibility of answers to so-called “pedigree” questions required to complete routine police booking paperwork and the failure to administer Miranda warnings prior to a defendant’s refusal to take a breath test.
In People v Rodney (85 NY2d 289 [1995]), the Court of Appeals held that in the prosecution of a defendant for possession and sale of drugs, a question as to defendant’s employment was related to routine administrative procedures. Thus, *162 defendant’s answer that he was “in sales” (at 291) was admissible and not subject to the notice requirements of CPL 710.30.
Similarly, in People v Deacon (226 AD2d 1120 [4th Dept 1996]), statements made by the defendant, although not responsive to “pedigree” questions asked by the police, were nevertheless voluntarily made even though Miranda warnings were not given.
In People v Berg (239 AD2d 97 [3d Dept 1998]), the Appellate Division reversed a County Court decision which held that a defendant’s refusal to perform sobriety tests at the police station was not admissible in the absence of Miranda warnings. The Court held that, in New York, evidence of a defendant’s performance on sobriety tests is not encompassed by the privilege against self-incrimination and Miranda warnings need not be administered prior to the results of such tests being admitted at trial. The Court said (at 99-100): “defendant’s negative response [to the police request to perform certain sobriety tests], standing alone, did not explicitly or implicitly ‘relate a factual assertion or disclose information’ so as to be characterized as testimonial.”
In view of the above holdings, the defendant’s reliance on Muniz (supra) is, therefore, misplaced.
The statements made by Mr. McGovern on the videotape are well within the parameters allowed by the Muniz case (supra). The statements made to the effect that he was refusing to take the test on the advice of counsel are exactly what is meant by “remarks made by the defendant * * * regarding his refusal to take a breathalyzer test.” The statements are admissible and the videotape should not be redacted.
The other issues are relatively easy to dispose of since the defendant was stopped after swerving across two lanes of traffic and almost striking a parked car on the opposite side of the street. This clearly is probable cause to stop the defendant.
Likewise, there are no grounds to object to the admissibility of defendant’s statement to the arresting officer: “You know I was drinking, I’m on my way home.” Defendant allegedly made this statement still outside his vehicle when the police officer first stopped him and observed his glassy eyes and alcohol odor and slurred speech. It is well settled that a routine traffic stop and an inquiry is not a custodial situation, and thus there is no obligation to give the Miranda warnings. (See, People v *163 Mathis, 136 AD2d 746 [1988].) Defendant’s request to suppress this statement is denied.
The defendant’s motion is denied in its entirety.