08-5036-cr
United States v. Herbin

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand ten.

PRESENT: DENNIS JACOBS,
                                    **Chief Judge**,
              ROSEMARY S. POOLER,
              ROBERT A. KATZMANN,
                                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
            **Appellee**,

            **-v.-**                                            08-5036-cr

SAMUEL HERBIN,
            **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:        MARSHALL A. MINTZ, Mintz & Oppenheim LLP, New York, New York.

APPEARING FOR APPELLEE:         MICHAEL P. DRESCHER (Gregory L. Waples, on the brief), United States Attorney's Office for the

1

District of Vermont, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Samuel Herbin appeals his conviction on the grounds that (1) the district court erroneously admitted evidence of his handwriting exemplars, and (2) the evidence was insufficient to support his conviction for being a felon in possession of a firearm. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Herbin argues that his handwriting exemplars were inadmissible under Federal Rules of Evidence 401, 608(b), 404(b), and 403. "We review a trial court's evidentiary rulings for an abuse of discretion." United States v. McDermott, 245 F.3d 133, 140 (2d Cir. 2001). When the specific evidentiary challenge raised on appeal was preserved in the district court, we will vacate if a party's substantial rights are affected. See Fed. R. Evid. 103(a); United States v. Dupre, 462 F.3d 131, 136 (2d Cir. 2006); see also Jacquin v. Stenzil, 886 F.2d 506, 508 (2d Cir. 1989). When it was not, our review is for plain error. See Puckett v. United States, 129 S. Ct. 1423, 1429 (2009).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the handwriting exemplars were relevant to Herbin's credibility as a testifying witness. Relevant evidence, however, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Because Herbin did not raise a Rule 403 objection in the district court, our review is for plain error. The

2

handwriting exemplars were obviously prejudicial to Herbin. However, they were also relevant to Herbin's credibility and the validity of Herbin's innocent justification for leasing the apartment. We cannot find that the district court committed plain error in balancing these concerns.

Federal Rule of Evidence 404(b) provides that evidence of prior bad acts is inadmissible for propensity purposes but is admissible "for other purposes." See also United States v. Jaswal, 47 F.3d 539, 544 (2d Cir. 1995). Before 404(b) evidence can be admitted, the government must, upon request of the defendant, "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Herbin did not raise a 404(b) objection in the district court, and he has not demonstrated plain error in this Court. The exemplars were relevant for multiple non-propensity purposes, such as impeachment and intent; moreover, Herbin has offered no argument as to why any notice problem justifies vacatur under the plain error standard.

**[2]** Herbin also contends that the evidence was insufficient to support his conviction for being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). To obtain a § 922(g)(1) conviction, the government must prove beyond a reasonable doubt that: (1) the defendant has at least one previous felony conviction; (2) the defendant knowingly possessed the firearm; and (3) the firearm was in or affected interstate commerce. United States v. White, 552 F.3d 240, 245 n.2 (2d Cir. 2009). Herbin argues that the government presented insufficient evidence as to possession and interstate commerce.

Herbin "bears a very heavy burden" in prevailing on these arguments. See United States v. Crowley, 318 F.3d 401, 407 (2d Cir. 2003) (internal quotation marks omitted). We must sustain the conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

**Possession**. The government can establish possession by proving either actual or constructive possession. United

3

States v. Gaines, 295 F.3d 293, 300 (2d Cir. 2002). Actual possession "requires the government to show defendant physically possessed the firearm." Id. Here, the evidence of actual possession consisted principally of the seizure of a gun during a raid on Herbin's residence and the testimony of a witness that she heard Herbin say that the police had seized his gun during the raid. This alone suffices. See United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006).

**Interstate Commerce**. The government must show "[s]ome nexus with commerce . . . although that need not be any more than the minimal nexus that the firearm [has] been, at some time, in interstate commerce." United States v. Jones, 16 F.3d 487, 491 (2d Cir. 1994); see also Gaines, 295 F.3d at 302. "Testimony that a weapon was manufactured out of state is generally sufficient to meet the interstate commerce element." Jones, 16 F.3d at 491 (internal quotation marks omitted)521. Here, an ATF agent testified that the frame of the gun at issue was manufactured in Nevada and then shipped to California where it was assembled with other parts and ultimately sold.

Finding no merit in Herbin's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4