08-4759-cv(L); 08-4993-cv(XAP); 08-6130-cv(CON)
Ireland v. Suffolk County of N.Y.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of February, two thousand ten.

PRESENT: DENNIS JACOBS,
                              _Chief Judge_,
            ROSEMARY S. POOLER,
            ROBERT A. KATZMANN,
                              _Circuit Judges_.

- - - - - - - - - - - - - - - - - - - -X
THE BOARD OF TRUSTEES OF THE
FREEHOLDERS AND COMMONALITY OF THE
TOWN OF SOUTHAMPTON, THE TOWN BOARD
OF THE TOWN OF SOUTHAMPTON, CYNTHIA
HAMLIN IRELAND,
            _Plaintiffs-Appellants_,

            -v.-

SUFFOLK COUNTY OF NEW YORK,
            _Defendant-Appellee_,

UNITED STATES OF AMERICA,

08-4759-cv(L)
08-4993-cv(XAP)
08-6130-cv(CON)

**Third-Party-Defendant-Appellee,**

**JOHN AND JANE DOES 1-10,**
          **Defendants-Appellees,**

**THE STATE OF NEW YORK, GEORGE E. PATAKI, ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, JOHN P. CAHILL, ALEXANDER F. TREADWELL, FRED NAFFER, WILLIAM DALY,**
          **Third-Party-Defendants.**
- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANTS:**  JEFFREY M. POLLOCK, Fox Rothschild LLP, New York, New York; Gary Ireland (on the brief), Law Offices of Gary Ireland, New York, New York, *for* Cynthia Ireland.  RICHARD C. CAHN, Cahn & Cahn, LLP, Melville, New York, *for* The Board of Trustees of the Freeholders and Commonalty, the Town Board of the Town of Southampton.

**APPEARING FOR APPELLEES:**  DANIEL A. BARTOLDUS (William J. Lewis, Marcy D. Sheinwold, Christina L. Geraci, on the brief), Lewis Johs Avallone Aviles, LLP, Melville, New York.

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

    Plaintiffs-Appellants Cynthia Ireland, the Board of Trustees of the Freeholders and Commonalty of the Town of Southampton, and the Town Board of the Town of Southampton (the latter two collectively, "the Town"), appeal the judgment dismissing their claims for nuisance, negligence, and Endangered Species Act violations.  We assume the

2

parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1] Ireland argues that the district court erred in overruling her objections made pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The only Daubert objections raised at trial were narrowly aimed at Dr. David Aubrey's testimony concerning littoral drift at Montauk Point; the (far more broad) Daubert arguments that Ireland first raises on appeal are therefore forfeited. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008); see also Jacquin v. Stenzil, 886 F.2d 506, 508 (2d Cir. 1989).

Daubert contemplates "liberal admissibility standards." Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 267 (2d Cir. 2002). "We review the district court's decision to admit or exclude expert testimony under a highly deferential abuse of discretion standard." Zuchowicz v. United States, 140 F.3d 381, 386 (2d Cir. 1998). We will reverse only if the district court's decision was "manifestly erroneous." McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1042 (2d Cir. 1995). Here, Aubrey's conclusions regarding Montauk Point were supported by data and detailed reasoning; accordingly, the district court did not abuse its discretion in overruling the objections.

[2] Ireland also contends that the County violated Federal Rule of Civil Procedure 26(a)(2)(B) because it failed to make advanced disclosure that Aubrey would testify at trial that net littoral transport in front of the Ireland home was, at times, to the east. Aubrey's written report, however, clearly concluded that the littoral transport system is actually a "constantly varying movement of sand, involving both longshore motion to the east and to the west." His testimony at trial was fully consistent with this position. The district court did not abuse its discretion in permitting Aubrey to testify at trial. See Softel, Inc. v. Dragon Med. & Scientific Commc'ns Inc., 118 F.3d 955, 961 (2d Cir. 1997).

[3] Both plaintiffs argue that the district court erred in crediting Aubrey's testimony over that of their own expert, Dr. Robert Dean. This argument challenges the district court's credibility determinations and factual conclusions, both of which we review for clear error. See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000); see

3

also Amalfitano v. Rosenberg, 533 F.3d 117, 123 (2d Cir. 2008). Under clear error review, we may not "second-guess either the trial court's credibility assessments or its choice between permissible competing inferences," Ceraso v. Motiva Enters., LLC, 326 F.3d 303, 316 (2d Cir. 2003), nor may we "reverse 'simply because [we are] convinced that [we] would have decided the case differently,'" Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 528 (2d Cir. 2004) (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985)).

Plaintiffs specifically contend that the district court erred in its conclusions regarding Wave Information Studies data, numerical modeling, and so-called Leatherman data. But as to each of these considerations, the district court was presented with conflicting expert testimony, supported by facts and reasoning on both sides. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson, 470 U.S. at 574.

**[4]** The Town argues that the district court committed clear error in concluding that plaintiffs had failed to sustain their burden of proving causation. Specifically, the Town contends, inter alia, that the district court failed to account for certain important evidence, credited Aubrey's testimony even though it suffered from multiple purported inconsistencies, and failed to recognize that Aubrey's conclusions were at odds with other experts who have studied the region. The Town's arguments, however, rely on misstatements of the record, are unsupported by the evidence presented at trial, and otherwise put far more weight on particular evidence than that evidence can reasonably bear. We find no error here. See Contship Containerlines, Ltd. v. PPG Indus., Inc., 442 F.3d 74, 79 (2d Cir. 2006) (reviewing a district court's causation finding under the clear error standard).

**[5]** The Town also argues that the district court erred by considering the wrong time frames in its analysis. Aubrey and Dean presented conflicting testimony as to the proper historical comparisons to make, and both experts supported their conclusions with data and developed reasoning. The district court did not clearly err in crediting Aubrey's testimony over Dean's. See Blondin v. Dubois, 238 F.3d 153, 158, 163 (2d Cir. 2001).

4

**[6]**   Because we find no basis to disturb the district court's core holding as to causation, we do not consider the Town's arguments as to unclean hands, nuisance, or the Endangered Species Act.

Finding no merit in plaintiffs' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK