After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI), third offense.[2] He now appeals, arguing that the judge erred in denying his motion to suppress, and in denying his motions for a required finding of not guilty. We affirm.
Motion to suppress. The defendant argues first that the judge erred in partially denying his motion to suppress. He contends that (1) the arresting officer's order to get out of his truck (exit order) was unlawful because there was no reasonable fear for the officer's safety, and (2) all of the statements he made after he got out of his truck in response to the exit order should have been suppressed because, at that time, he was "effectively arrested" without receiving proper Miranda warnings. We disagree.
The motion judge found that, at approximately 9:00 P.M. in the evening of September 7, 2013, Officer Nathan Ferbert of the Middleborough police department stopped the defendant for speeding. The judge found that the stop was justified, and the defendant does not challenge the stop itself.[3] See Commonwealth v. Obiora, 83 Mass. App. Ct. 55, 57 (2013).
While Ferbert was speaking with the defendant through the driver's side window, the officer observed that the defendant had glassy and bloodshot eyes and slurred speech; the officer also detected an odor of alcohol. "Either immediately before or immediately after telling the defendant to get out of the truck, Ferbert asked the defendant where he was coming from. The defendant indicated that he had just met up with someone 'behind the prison' and that before that, he had been at a party." The defendant denied that he had been drinking.
Ferbert ordered the defendant to get out of the truck and then conducted a patfrisk.[4] He then placed the defendant in handcuffs, to await the arrival of a second officer. The defendant was not under arrest at that time, and Ferbert did not question him while he was in handcuffs. The second officer arrived on the scene within three or four minutes, and the officers then removed the handcuffs so that they could conduct field sobriety tests. Before he began, and in response to Ferbert's question, the defendant informed the officer that he had "an old leg injury" that might affect his ability to perform the tests. Nonetheless, he agreed to take the tests. Ferbert instructed the defendant on the performance of the nine-step walk and turn, and the one-legged stand. While he was performing the tests, the defendant also asked the officer some questions about the test.[5]
At the motion to suppress hearing, the judge found that the defendant was, in fact, in custody while handcuffed, although not under arrest.[6] The judge also concluded that Ferbert had reasonable "ongoing safety concerns" justifying temporarily placing the defendant in handcuffs to await the arrival of another officer to assist.
In reviewing a ruling on a motion to suppress evidence, " 'we accept the judge's subsidiary findings of fact absent clear error,' but 'independently review the judge's ultimate findings and conclusions of law.' " Commonwealth v. Jewett, 471 Mass. 624, 628 (2015), quoting from Commonwealth v. Tyree, 455 Mass. 676, 682 (2010). Here, the defendant challenges specifically the judge's conclusion that Ferbert's safety concerns justified the exit order. This argument fails.
Ferbert's safety concerns included the time and location of the stop ("on an extremely dark, isolated, rural road"); the officer's familiarity with the defendant's reputation with local police (for "violence and drug involvement"); and the fact that the officer was alone at the scene, at least initially. The judge found Ferbert's testimony on these issues "entirely credible" and "objectively reasonable." We see no error. See Commonwealth v. Torres, 433 Mass. 669, 673 (2001), quoting from Commonwealth v. Gonsalves, 429 Mass. 658, 664 ("[It] does not take much for a police officer to establish a reasonable basis to justify an exit order or search based on safety concerns").
In addition, the exit order was justified by the officer's reasonable suspicion that the defendant was operating the vehicle while under the influence of alcohol. See Obiora, 83 Mass. App. Ct. at 58 ("[T]here are three bases upon which an exit order issued to a passenger in a validly stopped vehicle may be justified: (i) an objectively reasonable concern for safety of the officer, (ii) reasonable suspicion that the passenger is engaged in criminal activity, and (iii) 'pragmatic reasons' "). See also Commonwealth v. Feyenord, 445 Mass. 72, 75-76 (2005). We see no error in the judge's factual findings, or in denying the defendant's motion to suppress as it relates to the field sobriety tests and to the statements he made. See Jewett, supra.
The statements themselves fall into three groups. First are the defendant's answers to the officer's questions about where he was coming from and whether he had been drinking. At that point, "either immediately before or immediately after" the exit order, the defendant was not in custody. No Miranda warnings were required and the defendant does not contend otherwise; his argument for suppression of those statements rests solely on his contention that the exit order was unlawful and everything that followed was the fruit of that poisonous tree.
The second statement came in response to the officer's question about whether anything would prevent the defendant from taking field sobriety tests; the defendant responded that he had an old leg injury.[7] That statement was not incriminating; in fact, the defendant offered medical records to corroborate that claim as the only evidence in his case. Assuming, arguendo, that the defendant could reasonably be considered to have been in custody at that time, any error in refusing to suppress his statement about his leg injury clearly was harmless beyond a reasonable doubt. Cf. Commonwealth v. Hoyt, 461 Mass. 143, 154-155 (2011). The remaining statements were volunteered, and we agree with the motion judge's conclusion that the "defendant's spontaneous statements in the course of taking the tests are obviously not subject to suppression on Miranda grounds." See Commonwealth v. Brown, 83 Mass. App. Ct. 772, 776-777 (2013).
Finally, the field sobriety tests themselves, that is, "[t]ests of physical coordination, such as walking a straight line, raising one leg for a specified number of seconds, and touching one's nose with one's index finger, are not testimonial because they do not 'reveal[ ] the subject's knowledge or thoughts concerning some fact.' Commonwealth v. Brennan, 386 Mass. 772, 778 (1982). The responses of a person impaired by alcohol to such tests are incriminating 'not because the tests [reveal the] defendant's thoughts, but because [the defendant's] body's responses [differ] from those of a sober person.' People v. Hager, 69 N.Y.2d 141, 142 (1987)." Brown, supra. The motion to suppress was properly denied.
Sufficiency of evidence. The defendant also argues that the judge erred in denying his motions for a required finding of not guilty.[8] He contends that there was insufficient evidence to establish that he was under the influence of alcohol, or that he was operating his truck on a public way. We disagree.
When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017), citing Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
For the defendant to be found guilty of operating a motor vehicle while under the influence of alcohol, the Commonwealth must "prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). See G. L. c. 90, § 24(1)(a )(1). Here, Ferbert testified that, while parked and "running radar" at the intersection of Murdock and Summer Streets, he captured on radar the defendant driving a small red pickup truck while speeding past him. Ferbert also identified the defendant, the only passenger, as the driver of the truck. Operation was not a live issue at trial.
Ferbert further testified that Summer Street is a paved road (until the shoulder, where it meets grass) with a dividing line, located in a rural area where the police monitor traffic flow. The evidence, therefore, was sufficient for the jury to infer that the defendant was driving his truck on a public way. See Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438-439 (2002) (elements such as operation on a public way may be proved by circumstantial evidence).
After he got out of his truck, the defendant performed two field sobriety tests on an area in the road where "[t]he pavement's flat and smooth"; although, as noted, the area is dark (with no street lights). Ferbert used his flashlight to illuminate the ground while the defendant was performing the tests. There is no white fog line in this area of the road, but there is a clear delineation between the road and the grassy shoulder providing a straight line to follow. In performing the tests, the defendant exhibited two "clues" during the nine-step walk and turn, and three "clues" during the one-legged stand, indicating a failure of each of the tests.[9] Based on these failure clues, Ferbert opined that the defendant was intoxicated. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) ("[A] lay witness in a case charging operation of a motor vehicle while under the influence of alcohol may offer his opinion regarding a defendant's level of sobriety or intoxication ...").
On this record, we are satisfied that the Commonwealth presented sufficient evidence, both direct and circumstantial, for the jury to conclude beyond a reasonable doubt that the defendant operated a motor vehicle on a public way while under the influence of intoxicating liquor. See Oberle, 476 Mass. at 547. See also G. L. c. 90, § 24(1)(a )(1).
Judgment affirmed.

Prior to trial, the defendant pleaded guilty to an additional charge of possession of a class B substance; the judge allowed the Commonwealth's motion to dismiss a charge of negligent operation of a motor vehicle.

In addition, the defendant failed to produce his license or a truck registration, stating that he was driving a friend's truck. He was not charged with those civil infractions.

The patfrisk produced a bag of marijuana. The officer testified that, during the patfrisk, he felt "just a bulk, like a handful size of something that felt like packing peanuts." He asked the defendant what it was and the defendant said, "coke," which the officer understood to mean cocaine. Ferbert then seized the item and, when he saw it, believed it to be marijuana. A quantity of cocaine was later seized at the police station after the defendant was arrested.

Specifically, the defendant asked at one point whether "he had to do a tenth step." At another point, "he asked, 'Five, right?' kind of like a rhetorical question."

For that reason, the defendant's motion to suppress was allowed in part. Specifically, the judge suppressed the marijuana; she also suppressed the defendant's statement that the item was "coke," and any other statements he made about the marijuana at the roadside.

That statement was the only statement the officer described in the hearing on the motion to suppress for that period of time. At trial, the officer also testified that the defendant told him "he wasn't taking any medication"; "he wore glasses, but he didn't ... need them"; and he worked "as a concrete worker." There was no objection to that testimony, except to the question about the defendant's occupation, on the grounds of relevance. The judge properly overruled that objection.

The defendant's motion presented at the close of the Commonwealth's evidence was denied, as was the motion presented again at the close of all evidence.

Specifically, during the "nine-step walk and turn test," after walking heel to toe for nine steps, the defendant then walked backwards rather than turning around to walk forward the nine steps back to where he began; he also walked back ten (instead of nine) steps before Ferbert stopped him. During his first attempt at the one-legged stand (requiring the defendant to stand on one leg, with hands by his side, for thirty seconds), the defendant put his leg down after five seconds; on his second attempt, he raised his arms from his sides almost immediately after lifting his leg and fell backwards, bracing himself on his truck; the third attempt was much the same as the second, the defendant fell backwards a few seconds after lifting his leg.